### A09A0210. FLOYD v. THE STATE.
(678 SE2d 181)

BARNES, Judge.

Charleston Floyd moved to suppress evidence uncovered during a traffic stop, and after the trial court denied the motion, it found him guilty in a stipulated bench trial of felony marijuana possession. He appeals, arguing that insufficient evidence justified the stop and that the trial court erred in believing part of the arresting officer's testimony when another part of his testimony was demonstrably false. For the reasons that follow, we affirm the conviction.

The arresting officer was surveying Interstate 75 southbound when Floyd drove past him. The officer thought Floyd was not wearing a safety belt, so he pulled out to follow Floyd's car and investigate further. As the officer drove up behind him, Floyd drifted ten to twelve inches into the emergency lane, recovered, then again drifted in his lane a little just before the officer activated his lights. Floyd pulled over and the officer stepped to the passenger window and asked Floyd for his insurance and license. As Floyd opened the car door, the officer smelled the odor of raw marijuana and asked for

consent to search, which Floyd gave. The officer found a marijuana joint in the car's center console and two vacuum sealed plastic bags wrapped in tissue paper in the spare tire compartment of the trunk, and charged Floyd with possessing more than one ounce of marijuana.

At the hearing on Floyd's motion to suppress, the State played a recording of the traffic stop. The arresting officer testified that he determined Floyd was wearing his seat belt as he drove up beside him but stopped the car because Floyd twice failed to maintain his lane. The first infraction, which was not taped, was "more obvious" because the wheels went all the way out of the travel lane into the emergency lane, the officer said. In the second infraction, which was recorded, Floyd just brushed up against the line. The officer also testified that Floyd admitted to failing to maintain his lane, explaining he did so because he had been watching the officer drive up behind him. Floyd testified that he had not been weaving and denied admitting that he had done so.

In denying the motion to suppress, the trial court found that the second incident, in which Floyd's car did not actually travel outside his lane, was not a traffic violation. It also found that the first incident, in which Floyd's car traveled a foot outside his lane, was a violation and the court had "no reason to doubt" the officer's version of the incident. Accordingly, it held that the traffic violation justified the stop. Floyd did not dispute that he gave consent to search. Because this was not a search incident to Floyd's arrest, the United States Supreme Court decision in *Arizona v. Gant*, ___ U. S. ___ (129 SC 1710, 173 LE2d 485) (2009), is not implicated.

In a motion to suppress, the trial court is the ultimate arbiter of a witness's credibility, and is not obligated to believe a witness even absent contradictory testimony. *Anderson v. State*, 267 Ga. 116, 118-119 (2) (475 SE2d 629) (1996). The court may accept part of a witness's testimony and reject another, and absent evidence demanding a contrary finding, this court will not reverse a suppression ruling based on a factual determination. Id.

1. Floyd argues that the trial court erred in believing the officer's uncorroborated testimony that Floyd failed to maintain his lane in the first of the two incidents, which justified the traffic stop. He argues, "In finding that the 'second' alleged lane violation did not occur, the trial court implicitly found that [the officer] had testified falsely on a highly material issue," thus violating OCGA § 24-9-85 (b). That Code section provides: "If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence."

Pretermitting whether that Code section applies to an eviden-

tiary hearing on a motion to suppress,[1] the officer did not wilfully and knowingly swear falsely. The section only applies when a witness admits he swore falsely or when the evidence manifestly establishes purposeful falsification. Without evidence of a manifest purpose to testify falsely, the issue is merely one of witness credibility. *Steele v. State*, 248 Ga. App. 441, 442 (1) (546 SE2d 547) (2001). The evidence in this case did not establish that the officer testified falsely, and the trial court did not so find. Rather, it found that the second incident, in its opinion, did not constitute a traffic violation. It disagreed with the officer's characterization of the incident, not with the facts of the incident itself, and found that in isolation it would not have been sufficient to justify a traffic stop. But the trial court believed that the first incident occurred as the officer described it, which was that Floyd's car moved a foot into the emergency lane, and the court held that the first incident constituted a violation sufficient to justify the traffic stop. The evidence does not demand a contrary finding, and thus we find no error.

2. In view of Division 1, Floyd's argument that insufficient evidence justified his traffic stop is moot.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MAY 8, 2009

*Abbott & Cone, David C. Abbott*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas L. Williams, Assistant District Attorney*, for appellee.

---

[1] As the State points out, no reported cases have applied this Code section to a motion hearing, a bench trial, or a juvenile adjudication.