### A10A1585. BROOKER v. BROWN.
(703 SE2d 691)

POPE, Senior Appellate Judge.

Leon Brooker and Lucy Brown are the unmarried parents of a two-year-old son. Following their separation, Brown was awarded primary physical custody of the child. Proceeding pro se, Brooker filed a petition for a modification in custody and child support, alleging that Brown was negligent in the care of their son and deficient in meeting his medical needs. After conducting an evidentiary hearing, the trial court found that there had been no material change in circumstances affecting the child's well being since the last custody award, denied Brooker's petition and awarded attorney fees and deposition costs to Brown. Brooker appeals, contending that the trial court erred by excluding copies of the child's medical records and an audio recording of a telephone voice message; by declining to enforce a subpoena directing a physician to appear as a witness; and by failing to strike Brown's testimony in its entirety on the ground that she was guilty of false swearing. Concluding that Brooker's contentions lack any merit, we affirm.

1. As an initial matter, we note that Brooker asserts in several places in his appellate brief and reply brief that the hearing transcript is incomplete and does not accurately reflect what transpired before the trial court. "Where the transcript or record does not fully disclose what transpired [in the court below], the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f)." (Citation and punctuation omitted.) *Meier v. State*, 190 Ga. App. 625 (1) (379 SE2d 588) (1989). See *Coates v. State*, 222 Ga. App. 888, 889 (2) (476 SE2d 650) (1996). As such, any challenge to the accuracy of the transcript should have been made to the trial court, which "is the final arbiter as to any differences concerning preparation of the record," rather than to this Court. *Nobles v. Prevost*, 221 Ga. App. 594, 595 (472 SE2d 134) (1996).

2. Brooker argues that the trial court erred by not admitting into evidence certain copies of his son's hospital medical records. Notably, Brooker did not make a proffer of these documents when the trial court ruled that they were inadmissible, nor did he make any attempt to identify the specific contents of the documents for the record and subsequent appellate review. Under these circumstances, "the assignment of error is so incomplete as to preclude its consid-

eration by this [C]ourt." (Citation and punctuation omitted.) *Thomas v. State*, 224 Ga. App. 816, 817 (1) (482 SE2d 472) (1997). See *Ford Motor Co. v. Reese*, 300 Ga. App. 82, 90-91 (3) (684 SE2d 279) (2009); *Sasser v. Adkinson*, 258 Ga. App. 699, 699-700 (574 SE2d 907) (2002); *Bagley v. CSX Transp.*, 219 Ga. App. 544, 547 (2) (465 SE2d 706) (1995).

3. Brooker also contends that the trial court erred by not admitting into evidence an audio recording of a telephone voice message left for him by Brown. The record shows that the trial court reserved ruling on the admissibility of the audio recording until a later stage of the hearing, but Brooker did not thereafter seek to introduce the recording or obtain a ruling on its admission. Where, as here, the trial court reserves ruling on the admissibility of evidence, the subsequent failure to invoke a ruling from that court preserves nothing for appellate review. *Dasher v. State*, 285 Ga. 308, 311 (4) (676 SE2d 181) (2009). See *Bacon v. Decatur Fed. Sav. & Loan Assn.*, 169 Ga. App. 538, 539 (2) (313 SE2d 727) (1984); *Macon Coca-Cola Bottling Co. v. Chancey*, 101 Ga. App. 166, 172 (3) (112 SE2d 811) (1960).

4. Brooker further maintains that the trial court erred by not enforcing a subpoena directing a physician to appear as a witness at the hearing. Because Brooker never obtained a ruling by the trial court as to the enforceability of the subpoena, we likewise cannot consider this enumerated error. See *Gardiner v. State*, 264 Ga. 329, 334 (9) (444 SE2d 300) (1994). See also *Fredericks v. Hall*, 275 Ga. App. 412, 414 (3) (620 SE2d 638) (2005) ("It is the duty of counsel to obtain a ruling on his motions . . . , and the failure to do so will ordinarily result in a waiver.") (citation and punctuation omitted).

5. Lastly, Brooker argues that the trial court should have stricken Brown's testimony in its entirety on the ground that she was guilty of false swearing. It is true that under OCGA § 24-9-85 (b), "[i]f a witness shall willfully and knowingly swear falsely, [her] testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." But this statutory subsection applies only in the limited circumstance where the "witness admits [she] swore falsely or when the evidence manifestly establishes purposeful falsification." *Floyd v. State*, 297 Ga. App. 736, 738 (1) (678 SE2d 181) (2009). Absent that limited circumstance, the issue is merely one of witness credibility for the trier of fact to determine. Id. See OCGA § 24-9-85 (a). And, significantly, the fact that a witness's testimony may contain inconsistencies does not, standing alone, rise to the level of false swearing necessary to justify striking the testimony. *Hardy v. State*, 293 Ga. App. 265, 268 (2) (666 SE2d 730) (2008).

We have reviewed Brown's testimony at the hearing, and the record is completely devoid of any evidence that she acted with a manifest purpose to testify falsely. The trial court thus did not err in declining to strike Brown's testimony in its entirety. See *Floyd*, 297 Ga. App. at 738 (1). Any inconsistencies in Brown's testimony were simply an issue of credibility for the trial court, as the trier of fact, to resolve. See id.; *Hardy*, 293 Ga. App. at 268 (2).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 28, 2010 —
RECONSIDERATION DENIED NOVEMBER 23, 2010 — ▮▮▮▮▮▮▮

Leon Brooker, *pro se.*
*Zachary & Segraves, Stephen M. Gibbs*, for appellee.