S12A0097. PRIDGETT v. THE STATE.
(720 SE2d 639)

BENHAM, Justice.

Appellant Jamaal Marquez Pridgett was convicted of the malice murder of Jerome Glover; the aggravated assaults of Martec Barkley, Tavorris Shy, and Sedarrius Stephens; the armed robbery of each of the four victims; and possession of a firearm during the commission of a felony in connection with the crimes against each of the four victims.[1] On appeal, appellant challenges the sufficiency of the evidence, contending the State failed to prove beyond a reasonable doubt that appellant did not act in self-defense.

The State presented evidence that the four victims were in appellant's apartment in Covington, Georgia, on October 7, 2008, with some of them throwing dice and others betting on the outcome.

---

[1] The crimes took place on October 7, 2008. Appellant was arrested the same day and was named in a 20-count indictment returned by the Newton County grand jury on December 5, 2008. A trial that took place April 20-21, 2010, ended in a mistrial when the jury was unable to reach a verdict. Appellant was tried again September 14-16, 2010, and the jury found him guilty of all charges. After merging several convictions and vacating the convictions for felony murder in light of the conviction for malice murder, the trial court imposed on appellant four sentences of life imprisonment for the malice murder and the three armed robberies, to be served consecutively, followed by three twenty-year sentences for aggravated assault, to be served consecutively to the earlier sentences and each other, and four five-year sentences for possession of a firearm during the commission of a felony, to be served consecutively to the earlier sentences and each other. Appellant's motion for new trial, filed September 28, 2010, and amended March 4, 2011, was the subject of a hearing held on July 12, 2011, and was denied July 27, 2011. A timely notice of appeal was filed August 2, 2011. The appeal was docketed in this Court for the January 2012 term of court and was submitted for decision on the briefs.

Each of the three surviving victims testified he had brought several hundred dollars to appellant's apartment in order to gamble, that none of the victims was armed, that none of the victims argued with appellant, and that none of the victims sold drugs in appellant's apartment. The surviving victims testified that appellant fired a gun and told all of them to get down. He ordered them to "Give it up," and then fired repeatedly at the four men, striking Glover in the head, arm and chest, Barkley in the head, Shy in the head and a hand, and Stephens in a hand. Glover died as a result of the gunshots, and the surviving victims testified they either gave appellant their money, dropped the money they had in their hands, or appellant went through their pants pockets after shooting them. Appellant then ran to his mother's house where he gave the gun to a cousin who threw it in a neighboring grassy lot. It was not recovered. The surviving victims ran from appellant's apartment, with two of them collapsing short distances away. Appellant had his girlfriend drive him from Covington to an uncle's house in Porterdale, where he showered and had his girlfriend hide his discarded clothing as well as a wad of currency. Covington police arrested him there shortly thereafter, and found appellant's clothing and the hidden money. Appellant's girlfriend testified that appellant told her before the shootings that Barkley had robbed someone and had money, and appellant was going to rob Barkley.

Appellant testified that, earlier the day of the shootings, Stephens had sold crack cocaine to appellant, who later discovered it was fake. When all four men were in his apartment, appellant, carrying a gun in his waistband and knowing Stephens had a gun, confronted Stephens. At that point, appellant testified, Barkley threatened to kill appellant and Stephens made a "kill" gesture to Glover, who then charged at appellant. Acting in fear of his life, appellant repeatedly fired his weapon until it was empty and then fled the scene.

Appellant's testimony presented an account of events that differed from that presented by the State through the testimony of the surviving victims. It was for the jury to determine the credibility of the witnesses, to resolve any conflicts or inconsistencies in the evidence, and to answer the question whether appellant acted with justification. *Harris v. State*, 279 Ga. 304 (2) (612 SE2d 789) (2005). Viewing the evidence summarized above in the light most favorable to the jury's guilty verdicts, it was sufficient to authorize a rational trier of fact to reject appellant's justification defense and find him guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); *Funes v. State*, 289 Ga. 793 (1) (716 SE2d 183) (2011).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Teresa L. Smith*, for appellant.

*Layla H. Zon, District Attorney, Melanie M. Bell, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.