S12A0255. SANDERS v. THE STATE.
(723 SE2d 436)

THOMPSON, Justice.

Appellant Torrence Sanders was convicted of felony murder, armed robbery and other related offenses in connection with the vehicular death of Shirley Ann Akins and the armed robbery of Danny Rakestraw, Emmanuel Asamoah, and Raymond Carr.[1] On appeal, Sanders claims, inter alia, that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence

---

[1] The crimes occurred on February 23, 2010. A Rockdale County grand jury returned an indictment charging Sanders and co-defendant Ntyono Pennie with felony murder while in the commission of armed robbery and aggravated assault; felony murder while fleeing and attempting to elude a police officer (Sanders only); armed robbery (three counts); aggravated assault (three counts); fleeing and attempting to elude a police officer; possession of a firearm during the commission of a crime; and obstruction of a law enforcement officer. Trial commenced on February 14, 2011, and on February 17, 2011, a jury found Sanders guilty as charged. He was sentenced on February 22, 2011 to life imprisonment without possibility of parole for felony murder, two concurrent terms of life imprisonment for armed robbery, five concurrent years for attempting to elude, five consecutive years for possession of a firearm, plus twelve concurrent months for obstruction. The remaining counts were merged and vacated under *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Sanders filed a motion for new trial on March 9, 2011, which was amended on July 19, 2011, and denied on August 11, 2011. A notice of appeal was filed on August 18, 2011. The appeal was docketed to the January 2012 term of this Court and was submitted for a decision on briefs.

shows that Sanders and co-defendant Ntyono Pennie drove to an apartment complex in a black Nissan Maxima and approached an acquaintance, Danny Rakestraw, who was in the parking lot. Pennie asked to go to Rakestraw's apartment, ostensibly to listen to music. Rakestraw agreed, and the three men entered the apartment. They were joined by Rakestraw's brother-in-law, Emmanuel Asamoah, and Rakestraw's roommate, Raymond Carr. Sanders and Pennie both produced guns which they then used to rob the three men of their valuables. Thereafter, Pennie instructed Sanders to drive the black Maxima to the entrance of the apartment building. Pennie shot Rakestraw in the wrist and then ran to the parking lot where he got into the vehicle being driven by Sanders.

Police were notified, and an officer spotted a black Maxima at a standstill behind a truck at a red light a half-mile from the apartment complex. The officer, driving a marked sheriff's patrol car with blue lights activated, pulled in behind the Maxima. When the traffic light turned green and the truck advanced, the Maxima drove around the truck and sped off. The officer activated his siren and pursued the Maxima, which was traveling 70 mph in a 45 mph zone. The Maxima sped through a red light at an intersection where it collided with Akins' car, killing her. The two occupants of the Maxima exited the car and were pursued on foot by police. An officer tackled co-defendant Pennie, but Sanders escaped. Items taken in the armed robbery were found in Pennie's possession. The Maxima was registered to Pennie, and the weapon used to shoot Rakestraw was found in the car. Sanders' fingerprints were on the exterior driver's side of the vehicle, and his backpack, containing his birth certificate and personal mail, was found inside. Sanders was apprehended and taken into custody seven months later.

1. When construed most strongly in support of the verdict, the evidence was sufficient to enable a rational trier of fact to find Sanders guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). On appeal, Sanders argues that the State failed to meet its burden to prove his identity as a participant in the crime, an essential element of the State's case. Specifically, Sanders contends that pursuant to OCGA § 24-9-85 (b) the jury was required to disregard the testimony of Rakestraw, the only eyewitness to identify Sanders as being present at the scene of the crime. OCGA § 24-9-85 (b) states "[i]f a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." Although Sanders argues that Rakestraw's testimony was filled with "lies, inconsistencies and contradictions," there is no evidence that Rakestraw acted with a manifest purpose to testify falsely, thus his credibility was an

issue to be evaluated by the jury. See *Fugitt v. State*, 256 Ga. 292, 298 (348 SE2d 451) (1986); compare *Fugitt v. State*, 251 Ga. 451, 452-453 (307 SE2d 471) (1983). The fact that a witness' testimony may contain inconsistencies does not, standing alone, rise to the level of false swearing necessary to justify striking the testimony. *Brooker v. Brown*, 307 Ga. App. 10, 11 (703 SE2d 692) (2010). See *Hardy v. State*, 293 Ga. App. 265, 268 (666 SE2d 730) (2008).

Moreover, Rakestraw's identification of Sanders is supported by circumstantial evidence. Sanders' DNA was found on the inside cracked windshield of the vehicle — presumably left there when Sanders hit his head at the time of impact with Akins' vehicle. Likewise, the presence of Sanders' fingerprints on the exterior driver's side of the car and the presence of his backpack inside the car are consistent with the fact that he was a party to the crimes. Accordingly, Rakestraw's credibility was an issue for the jury to decide. *Rucker v. State*, 272 Ga. 750, 751 (534 SE2d 71) (2000).

Having rejected Sanders' contention that the jury was required to disregard Rakestraw's testimony, this Court finds no merit to Sanders' claim that his conviction was based upon insufficient circumstantial evidence. There was direct evidence of Sanders' guilt, thus his reliance on OCGA § 24-4-6 is misplaced.[2] *Wallace v. State*, 279 Ga. 26, 27 (608 SE2d 634) (2005).

2. Sanders challenges his conviction for felony murder while in the commission of an armed robbery and aggravated assault. He asserts that the armed robbery cannot serve as a predicate for felony murder in his case because the escape phase of the armed robbery had terminated prior to his flight from the police. Sanders argues that the underlying felony offense of armed robbery had ended prior to the accident leading to the victim's death, because at the time the police initially located and approached the Maxima, it was at a standstill at a red light — a place of "seeming security," *Collier v. State*, 244 Ga. 553, 560 (261 SE2d 364) (1979), overruled on other grounds, *Thompson v. State*, 263 Ga. 23, 25 (426 SE2d 895) (1993). There is no merit to Sanders' argument.

Generally, whether a felony is terminated is a question of fact for the jury unless the evidence is so overwhelming that reasonable men could not differ. *Collier*, supra at 562. The evidence shows that Sanders was being pursued by the police when he was at the stop light — he was at a standstill only because there was a truck in front of him and he could not advance until the light turned green. The

---

[2] OCGA § 24-4-6 states: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

jury was properly instructed concerning escape, as well as on the elements of felony murder with the underlying offense of armed robbery and aggravated assault. Further, as Sanders voiced no objection to the jury charge as given other than to renew his request for a lesser included offense, absent plain error this issue is precluded from appellate review pursuant to OCGA § 17-8-58 (b). *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011); *Collier v. State*, 288 Ga. 756, 759 (707 SE2d 102) (2011). Finding no error on the part of the trial court or the jury, we reject Sanders' claim.

3. Sanders next argues that the trial court erred by permitting the prosecutor to violate the "golden rule" during his opening statement and closing argument.[3] Sanders contends that the logical inference from the prosecutor's comments in his opening statement and closing argument is "it could have been me"; thus these statements improperly invited the jurors to place themselves in the shoes of the deceased victim. *Pace v. State*, 271 Ga. 829, 844 (524 SE2d 490) (1999); *McClain v. State*, 267 Ga. 378, 383 (477 SE2d 814) (1996). As Sanders failed to interpose a contemporaneous objection to the prosecutor's comments, this issue likewise has not been preserved for review. *Watson v. State*, 278 Ga. 763, 775 (604 SE2d 804) (2004). Nonetheless, we conclude the prosecutor's remarks did not violate the golden rule. See *Hines v. State*, 246 Ga. App. 835, 837 (541 SE2d 410) (2000) (requests to convict for the safety of the community have been permitted). Accordingly, Sanders' additional argument that defense counsel was ineffective for failing to object to these statements lacks merit. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

4. Sanders also asserts that the trial court erred by allowing the prosecutor to comment on Sanders' failure to come forward after his escape from police.[4] It is a bright-line rule in Georgia that the State may not comment on either a defendant's silence prior to arrest or failure to come forward voluntarily. *Reynolds v. State*, 285 Ga. 70

---

[3] During opening, the prosecutor stated: "It's a busy intersection. It could have been anybody. . . . It could have been anybody, but on this night, it was Shirley Ann Akins." In closing argument, he further remarked:

> [W]e hear about shootings and killings and bad stuff happening to good people. . . . But as long as its not on our doorstep . . . not in our front yard, we are okay. Because it's not happening to us. And we buy our guns and we get our alarm system and we put bars on our doors and try to make sure we are safe. . . . [A]s I told you the other day where it says Shirley Ann Akins, it could say, it could have been anybody. Instead of Shirley Akins, it could just say, it could have been anybody.

[4] During opening statement, the prosecutor stated: "Mr. Sanders floats around in the world for almost seven months. The case is on the news. He gets indicted. We even have a court hearing. He doesn't show up . . . until finally the DeKalb Police Department stops him, ultimately realizes who he is, and he is placed under arrest." In closing argument, the prosecutor remarked: "[W]hy can't you be found? And the police are looking. . . . When the police go to your momma, why can't you be found? Common sense, logic and reason."

(673 SE2d 854) (2009); *Landers v. State*, 270 Ga. 189, 190 (508 SE2d 637) (1998); *Mallory v. State*, 261 Ga. 625, 629-630 (5) (409 SE2d 839) (1991), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 9-10 (5) (515 SE2d 155) (1999). Finding such comments to be far more prejudicial than probative, this Court has determined that they are not to be permitted even in situations in which the defendant has not received *Miranda* warnings or takes the stand in his own defense. *Mallory*, supra at 630 (5). However, evidence as to whether a defendant tried to evade capture is admissible as evidence of flight. *Renner v. State*, 260 Ga. 515, 517-518 (397 SE2d 683) (1990). Further, statements about flight are proper as circumstantial evidence of guilt. *Evans v. State*, 288 Ga. 571, 574-575 (707 SE2d 353) (2011).

In the instant case, there was no contemporaneous objection to the argument; therefore, Sanders' claim of trial court error is waived for purposes of appeal. *Martin v. State*, 281 Ga. 778, 780 (2) (642 SE2d 837) (2007). "[T]he burden is always on the appellant in asserting error to show it affirmatively by the record." (Punctuation omitted.) *Westmoreland v. State*, 287 Ga. 688, 696 (1) (699 SE2d 13) (2010).

5. In a related enumeration of error, Sanders argues he received ineffective assistance of counsel due to counsel's failure to object to the comments made by the State regarding his failure to come forward voluntarily. He claims that he was prejudiced by the comments and by the fact that they were not based upon facts in evidence. We disagree.

In order to prevail on his claim of ineffective assistance of counsel under *Strickland*, Sanders "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." *White v. State*, 283 Ga. 566, 569 (4) (662 SE2d 131) (2008). Sanders points to trial counsel's testimony at the hearing on Sanders' motion for new trial, wherein counsel agreed that he "probably should have objected" to the prosecutor's comments in the opening statement regarding Sanders' failure to come forward after his escape from police. However, we need not analyze the deficient performance prong of *Strickland* if we determine that the prejudice prong has not been satisfied. *Peterson v. State*, 284 Ga. 275 (663 SE2d 164) (2008). Even assuming arguendo that an objection to the offending argument would have had merit, Sanders has not shown a reasonable probability that the outcome of the trial would have been different had counsel made the objection. See *Lambert v. State*, 287 Ga. 774, 777 (2) (700 SE2d 354) (2010) (where evidence of guilt is overwhelming, a defendant cannot demonstrate the required prejudice under *Strickland*). The conviction in this case

is supported by an eyewitness identification, DNA consistent with Sanders' on the crack in the windshield of the getaway car, Sanders' fingerprint on the handle of the driver's door of the getaway car and Sanders' birth certificate and mail in the getaway vehicle. Accordingly, we conclude that Sanders has failed to carry his burden of proof on the prejudice prong on his ineffective assistance of counsel claim.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2012.

*Crawford & Boyle, Eric C. Crawford*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General*, for appellee.