## S12A1436. PENNIE v. THE STATE.
### (736 SE2d 433)

NAHMIAS, Justice.

Appellant Ntyono Pennie and co-defendant Torrence Sanders were convicted of the felony murder of Shirley Akins and other offenses.[1] Appellant contends that his trial counsel was ineffective in failing to request a detailed jury charge on proximate causation. We affirm.

1. In our previous decision affirming Sanders's conviction, we

---

[1] The crimes occurred in Rockdale County on February 23, 2010. On May 4, 2010, Appellant and Sanders were indicted on one count of felony murder for causing Akins's death during the commission of the armed robberies and aggravated assaults of Emmanuel Asamoah, Raymond Carr, and Daniel Rakestraw; three counts of armed robbery; three counts of aggravated assault; possession of a firearm during the commission of a crime; and obstruction of a law enforcement officer. Sanders was also charged with the felony murder of Akins while fleeing and attempting to elude a police officer, and Appellant was also charged with possession of marijuana. On February 17, 2011, a jury found Appellant and Sanders guilty on all counts. On February 22, the trial court sentenced Appellant to life without parole on the felony murder conviction; to concurrent life sentences for the armed robberies of Asamoah and Carr; to five consecutive years for the firearm possession offense; to 12 concurrent months on the obstruction offense; and to 12 concurrent months on the marijuana possession offense. The court merged the convictions for the armed robbery and aggravated assault of Rakestraw with the felony murder conviction and merged the convictions for the aggravated assaults of Asamoah and Carr with the convictions for the armed robberies of those victims. Appellant's trial counsel filed a timely motion for a new trial, and Appellant later obtained new counsel, who filed an amended motion for new trial contending that trial counsel had provided ineffective assistance. After the trial court denied the motion on March 29, 2012, Appellant filed this appeal. The case was docketed to the September 2012 term of this Court and submitted for decision on the briefs.

summarized the evidence as follows:

> Viewed in a light most favorable to the verdict, the evidence shows that Sanders and . . . [Appellant] drove to an apartment complex in a [b]lack Nissan Maxima and approached an acquaintance, Danny Rakestraw, who was in the parking lot. [Appellant] asked to go to Rakestraw's apartment, ostensibly to listen to music. Rakestraw agreed, and the three men entered the apartment. They were joined by Rakestraw's brother-in-law, Emmanuel Asamoah, and Rakestraw's roommate, Raymond Carr. Sanders and [Appellant] both produced guns which they then used to rob the three men of their valuables. Thereafter, [Appellant] instructed Sanders to drive the black Maxima to the entrance of the apartment building. [Appellant] shot Rakestraw in the wrist and then ran to the parking lot where he got into the vehicle being driven by Sanders.
>
> Police were notified, and an officer spotted a black Maxima at a standstill behind a truck at a red light a half-mile from the apartment complex. The officer, driving a marked sheriff's patrol car with blue lights activated, pulled in behind the Maxima. When the traffic light turned green and the truck advanced, the Maxima drove around the truck and sped off. The officer activated his siren and pursued the Maxima, which was traveling 70 mph in a 45 mph zone. The Maxima sped through a red light at an intersection where it collided with Akins' car, killing her. The two occupants of the Maxima exited the car and were pursued on foot by police. An officer tackled . . . [Appellant], but Sanders escaped. Items taken in the armed robbery were found in [Appellant's] possession. The Maxima was registered to [Appellant], and the weapon used to shoot Rakestraw was found in the car. Sanders' fingerprints were on the exterior driver's side of the vehicle, and his backpack, containing his birth certificate and personal mail, was found inside. Sanders was apprehended and taken into custody seven months later.

*Sanders v. State*, 290 Ga. 637, 637-638 (723 SE2d 436) (2012).

In addition, Rakestraw, who knew Appellant, identified him as one of the assailants, two wallets stolen during the robberies were found on Appellant's person, and his fingerprints were on the magazine inside the gun found in the car. The bullet shot into Rakestraw's arm came from that gun, as did bullets found at the scene of the robberies. Viewed in the light most favorable to the verdict, the

evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that his trial counsel provided constitutionally ineffective representation by not requesting a separate jury charge on proximate causation based on language from *State v. Jackson*, 287 Ga. 646, 648 (697 SE2d 757) (2010), because one of his defenses at trial was that Sanders's fleeing from the police officer broke the chain of causation between the armed robberies and Akins's death. To prevail on this claim, Appellant

> must show that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984).

*Long v. State*, 287 Ga. 886, 891 (700 SE2d 399) (2010).

At the beginning of the jury charge, the trial court explained that the jury had already been read the indictment and that it would be available to them in the jury room. With respect to the felony murder count, the indictment alleged that Appellant "did, irrespective of malice, cause the death of . . . Akins . . . while in the commission of [the] felonies" of armed robbery and aggravated assault. The court also charged the jury on parties to a crime, see OCGA § 16-2-20, and charged the jury extensively on the escape phase of a crime. The court concluded:

> If a person causes the death of another human being during the escape phase of a felony as I have just defined that term, the jury may find that the death was caused in the commission of the underlying felony, and the jury would then be authorized to convict for murder.
>
> On the other hand, if you find that the death did not occur during the escape phase, as I have defined it, then you would not be authorized to convict for murder.

These were proper charges. See, e.g., *Westmoreland v. State*, 287 Ga. 688, 689 (699 SE2d 13) (2010) ("A homicide is within the res gestae of the underlying felony for the purpose of the felony-murder rule if it is committed while fleeing the scene of the crime." (citation and punctuation omitted)). See also *Sanders*, 290 Ga. at 639-640 (holding that

the jury in this case "was properly instructed concerning escape, as well as on the elements of felony murder with the underlying offense of armed robbery and aggravated assault").

Considered as a whole, these charges were sufficient to inform the jury that, in order to convict Appellant of the felony murder of Akins, it had to determine that he caused or was a party with Sanders in causing the victim's death during the escape phase of the underlying felonies. And trial counsel was faced with compelling evidence that Akins's death occurred during the co-defendants' escape from their earlier crimes and with Appellant's full involvement. There was solid evidence that Appellant committed the armed robberies with Sanders, asked Sanders to retrieve the escape car, which was registered to Appellant, voluntarily got into the car, and continued to flee on foot after the wreck, and there was no evidence that Appellant tried to stop Sanders from fleeing the police officer.

Trial counsel testified at the motion for new trial hearing that he did not request a separate charge on proximate causation because he "didn't think it would be helpful." Under *Strickland*, "[d]ecisions on requests to charge involve trial tactics to which we must afford substantial latitude, and they provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." *Sigman v. State*, 287 Ga. 220, 221 (695 SE2d 232) (2010) (citations and punctuation omitted). In light of the evidence and the charges that the trial court gave, trial counsel's decision not to request a separate charge on proximate causation was not patently unreasonable and did not constitute deficient performance.

Furthermore, Appellant cannot establish prejudice. Considering the jury charges that were given and the relevant evidence, there is no reasonable probability that a separate proximate cause charge would have produced a different verdict. Indeed, the evidence supporting Appellant's convictions for the underlying felonies and the evidence that the fatal wreck occurred during the escape phase of those felonies was overwhelming. In *Sanders*, we held that the overwhelming evidence of Sanders's guilt precluded a finding that he was prejudiced by his trial counsel's allegedly deficient performance. See *Sanders*, 290 Ga. at 641-642. The evidence of Appellant's guilt is even stronger. See *Hill v. State*, 290 Ga. 493, 500 (722 SE2d 708) (2012) (holding that the defendant was not prejudiced by trial counsel's decision not to request a charge on the law of habitation where the jury was charged on self-defense and the evidence of guilt was overwhelming).

Accordingly, Appellant has failed to establish both that trial counsel's performance was deficient and that he was prejudiced by counsel's performance, and the trial court properly denied his motion for a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Richard T. Ryczek, Jr.,* for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General,* for appellee.