296 Ga. 429
FINAL COPY

S14A1769. WHITING v. THE STATE.

MELTON, Justice.

Following a jury trial, Preston Whiting was found guilty of felony murder,

aggravated assault, and various other offenses in connection with the shooting

death of Quentin Denley and the shooting of Faron Daniels.[1] On appeal Whiting

---

[1] On September 5, 2008, Whiting was indicted for malice murder, two counts of felony murder (predicated on armed robbery and conspiracy to violate the Georgia Controlled Substances Act), two counts of possession of a firearm during the commission of a crime, armed robbery, aggravated assault (based on the shooting of Daniels), conspiracy to violate the Georgia Controlled Substances Act, violation of the Georgia Controlled Substances Act, and fleeing or attempting to elude a police officer. Following an October 12-16, 2009 jury trial, Whiting was found guilty on one count of felony murder, one count of possession of a firearm during the commission of a crime, conspiracy to violate the Georgia Controlled Substances Act, aggravated assault, fleeing or attempting to elude a police officer, and violation of the Georgia Controlled Substances Act. Whiting was acquitted on the remaining charges. On October 16, 2009, the trial court sentenced Whiting to life imprisonment for felony murder, five years concurrent for fleeing and attempting to elude, twelve months concurrent for violation of the Georgia Controlled Substances Act, five years consecutive for possession of a firearm during the commission of a crime, and ten years consecutive for aggravated assault. The conspiracy to violate the Georgia Controlled Substances Act charge was merged for sentencing purposes. Whiting filed a motion for new trial on October 21, 2009, which he amended with new counsel on February 29, 2012 and April 9, 2012. The trial court denied the motion on June 19, 2012. Following the payment of costs, Whiting's timely

contends that the trial court erred by failing to instruct the jury on proximate causation and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on the morning of June 12, 2008, Ted Day drove Whiting, Lincoln Boykins, and Donald Hatton from College Park to a Cobb County subdivision where Whiting wished to purchase marijuana. Whiting and Boykins rang the doorbell at a home in the subdivision, and Denley greeted the men at the door. Whiting asked Denley for a lighter, which Denley retrieved for him, along with a bag of marijuana. Boykins then pulled out a .380 semiautomatic handgun and shot Denley. Whiting and Boykins ran back to Day's car, and they drove back to College Park. A neighbor who had heard the gunshot called 911. Denley was rushed to the hospital, where he died from his gunshot wound.

Later that same evening, Whiting returned to Cobb County with Boykins, Hatton, and four other individuals, and this time Whiting was driving Day's car. After Whiting dropped off two women who were with the group and picked up two others, Hatton started saying that he wanted to shoot someone. Hatton

_____

appeal was docketed in this Court for the September 2014 term and orally argued.

2

pulled out Boykins' handgun, and Whiting pulled over the car. Hatton then jumped out of the car, approached the first person he saw, Daniels, and shot Daniels three times. Daniels was hit in the leg, hip, and buttocks, but he survived. Hatton got back in the car, and Whiting drove away.

Soon after the Daniels shooting, Whiting stopped the car and began arguing with Hatton. In the meantime, police officers who were responding to a call about the Daniels shooting saw Day's car and realized that it matched the description of the car that had fled the scene of the Daniels shooting. The officers turned on their blue lights and siren, and Whiting sped off. After a high speed chase, Whiting lost control of the vehicle and ran off the road and down an embankment. The car came to a rest near a fence, and then Whiting attempted to flee on foot. However, he was chased down and apprehended by police officers.

This evidence was sufficient to enable a rational trier of fact to find Whiting guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime).

2. Whiting contends that the trial court erred by failing to instruct the jury

sua sponte on the issue of proximate causation in connection with its charge on felony murder. Because Whiting did not object to the trial court's charge on felony murder, our review of this contention is limited to plain error. See OCGA § 17-8-58 (absent specific objection to the jury charge or the failure to give a charge appellate review limited to plain error).

Regardless of our level of review, however, Whiting cannot show any reversible error in the trial court's charge here, plain or otherwise. The record reveals that the indictment charged Whiting with felony murder based on having caused the death of Denley by shooting him while in the commission of a criminal conspiracy to distribute marijuana. The trial court read the indictment to the jury and fully and properly instructed them on felony murder,[2] conspiracy to violate the Georgia Controlled Substances Act,[3] and parties to a crime,[4] which

---

[2] The trial court instructed the jury that "[a] person also commits murder when, in the commission of a felony, that person causes the death of another human being."

[3] After the trial court instructed the jury that conspiracy to violate the Georgia Controlled Substances Act is a felony, the court went on to instruct the jury that "[a] person commits the offense of conspiracy to commit a crime when that person, together with one or more persons, conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." The court then instructed the jury that a person violates the Georgia Controlled Substances Act when he "distribute[s] any quantity of

was "sufficient to inform the jury that, in order to convict [Whiting] of the felony murder of [Denley], it had to determine that he caused or was a party with [Boykins] in causing the victim's death during the [conspiracy to distribute marijuana]." Pennie v. State, 292 Ga. 249, 252 (2) (736 SE2d 433) (2013). Indeed, the charge given adequately informed the jury that Whiting could only be found guilty of felony murder if the conspiracy to conduct "the marijuana transaction was the proximate cause of [Denley's] death." Davis v. State, 290 Ga. 757, 760 (4) (725 SE2d 280) (2012) (sufficient cause existed to find

_____

marijuana, which is a controlled substance."

[4] The jury was instructed that
[e]very party to a crime may be charged with and convicted of commission of the crime. A person is a party to the crime only if that person: (A) Directly commits the crime. (B) Intentionally helps in the commission of the crime. (C) Intentionally advises, encourages, hires, counsels or procures another to commit the crime. Or, (D) Intentionally causes some other person to commit the crime under certain circumstances that the other person is not guilty of any crime, either in fact or because of legal incapacity. Any party to a crime who did not directly commit the crime may be indicted and . . . convicted and punished for the commission of the crime upon proof that the crime was committed and that the person was a party to it, even though the person alleged to have directly committed the crime has not been prosecuted or convicted, has been convicted of a different crime or degree of crime and is not . . . amenable to justice or has been acquitted.

defendant guilty of felony murder where he voluntarily participated in drug deal in which the drug dealer was shot and killed by the defendant's brother). The trial court was not required to give a separate charge on proximate causation in order to make this point. See Pennie, supra.

3. Whiting's claim that his trial counsel was ineffective for having failed to adequately argue the issue of proximate causation to the jury is belied by the record, as his trial counsel did in fact specifically argue to the jury that

> there's still the word "cause" in there, okay, in felony murder. The D.A. might like to skip over that, but no, the word "cause" is still in felony murder. You can't find someone guilty of felony murder if they did not "cause" the death. Causation. Very important little word there. Now, the District Attorney is not going to prove to you that [Whiting] caused anybody's death.

Additionally, in light of our holding in Division 2 that an additional charge on proximate causation was unnecessary in light of the charge given, Whiting cannot show that his trial counsel was ineffective for having failed to request such a charge. Indeed, "[c]onsidering the jury charges that were given and the relevant evidence, there is no reasonable probability that a separate proximate cause charge would have produced a different verdict." Pennie, supra, 292 Ga. at 252 (2). See also Faulks v. State, 296 Ga. 38, 39 (3) (764 SE2d 846) (2014).

6

Judgment affirmed. All the Justices concur.


Decided January 20, 2015.

Murder. Cobb Superior Court. Before Judge Kreeger, Senior Judge.

John S. Anderson, for appellant.

D. Victor Reynolds, District Attorney, Grady A. Moore, Amelia G. Pray, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vicki S. Bass, Assistant Attorney General, for appellee.