303 Ga. 487
FINAL COPY

S18A0127. JACKSON v. THE STATE.

BENHAM, Justice.

Appellant Lavoris Jackson was tried jointly with Ramel Brown,[1] and both were convicted for murder and other crimes arising out of the shooting death of victim Curtis Jordan.[2] Witnesses testified that on the afternoon of the shooting, a person who was known to be a member of the Bloods street gang, and who was wearing a red bandana indicative of being in that gang, taunted a group of other men that included Jackson, who was wearing a blue or purple bandana, indicative of being in a gang other than the Bloods.

---

[1] This Court affirmed co-defendant Brown's convictions in *Brown v. State*, 300 Ga. 446 (796 SE2d 283) (2017).

[2] The crimes occurred on September 21, 2012. On February 26, 2013, a Fulton County grand jury returned an indictment charging appellant with criminal street gang activity, malice murder, felony murder (aggravated assault by shooting the victim with a shotgun), felony murder (possession of a firearm by a convicted felon), aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony (a handgun), and possession of a firearm by a convicted felon. Following a jury trial conducted between March 3, 2014 and March 7, 2014, the jury returned a guilty verdict on all counts. Appellant was sentenced to life imprisonment for malice murder and fifteen consecutive years for criminal street gang activity. In addition, appellant was given a five-year suspended sentence for the guilty verdict for possession of a firearm during the commission of a felony, and a five-year sentence for possession of a firearm by a convicted felon, to be served concurrently with the sentence for criminal street gang activity and murder. The guilty verdicts for felony murder were vacated by operation of law, and the remaining guilty verdict for aggravated assault with a deadly weapon was merged for purposes of sentencing. Appellant filed a timely motion for new trial on March 11, 2014, which was later amended. Following a hearing, the trial court granted the motion as to the guilty verdict for criminal street gang activity. Thereafter, the trial court granted the prosecutor's motion to enter a nolle prosequi order for that charge. In response to a motion for clarification of the order on appellant's motion for new trial, the trial court entered an order clarifying that the motion for new trial was denied as to all counts other than the guilty verdict for criminal street gang activity. Appellant filed a timely notice of appeal and this case was docketed to the term of court beginning in December 2017. The case was submitted for decision on the briefs.

Jordan, also wearing a red bandana, and who was identified at trial as a member of the Bloods street gang, was riding a bicycle nearby when this occurred.  According to one of the witnesses, he smiled and laughed at the taunting.  Later that evening, witnesses saw four men together in the apartment complex where the taunting had occurred, including Brown, who was holding a shotgun, and Jackson, who was holding a handgun.  One witness saw both Brown and Jackson shooting their respective weapons, and she saw a third person with them whom she could not identify.  She also saw an unidentified man shooting a shotgun out the window of a truck that was passing by.  That witness saw the victim running and then falling to the ground, after which she saw Jackson, Brown, and the third person fleeing on foot in the direction taken by the truck.  The victim collapsed and died at the scene.  In this witness' first interview with a detective, she did not mention Jackson, but in her second interview she stated that she saw him shooting a handgun, which was consistent with her trial testimony.  The evidence demonstrated the victim was shot twice with a shotgun, including once with a shotgun slug, and five to six times with a handgun.  The medical examiner testified that the wounds from the handgun bullets, by themselves, could have produced death from bleeding, but the immediate cause of death was the

wound caused by a shotgun slug to the victim's torso.  We affirm appellant's convictions.

1.  Appellant challenges the sufficiency of the evidence to support the convictions.  He argues that because the evidence established that the victim died as a result of a shotgun wound, and no evidence was presented that he fired a shotgun at the victim, he could not be found guilty of the crimes charged.  He also argues that even though two witnesses testified they saw appellant holding a handgun, only one witness testified consistently with her earlier statement that appellant fired the handgun.  That witness also testified that an unknown male leaning out of a truck fired shots from a shotgun.  While acknowledging that the credibility of witnesses is a matter solely within the province of the jury, appellant nevertheless asserts that the totality of the evidence was insufficient to permit the jury to find appellant guilty, as charged in the indictment, of murder "by shooting [the victim] with a shotgun," or guilty of felony murder or aggravated assault with a shotgun because the evidence showed only that he fired a handgun, whereas his co-defendant fired the shotgun.

Appellant ignores that sufficient evidence was presented to support his convictions, at least as a party to the crimes charged.  See OCGA § 16-2-20.

The trial judge properly instructed the jury on the law of party to a crime and mere presence. While proof of shared criminal intent with the actual perpetrator of the alleged criminal act is necessary to be convicted as a party to a crime, such intent may be inferred from the defendant's conduct before, during, and after the crime. See *Grant v. State*, 298 Ga. 835, 837 (1) (785 SE2d 285) (2016). The element of shared intent certainly may be inferred from the evidence presented in this case. Even where it is undisputed that the victim was shot by another person, every person concerned in the commission of the crime may be convicted of the crime. See *Jones v. State*, 292 Ga. 656, 658 (1) (a) (740 SE2d 590) (2013). The evidence presented to the jury was sufficient to support appellant's convictions as a party to the crimes. See id. See also *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2.    The indictment charged appellant with murder as well as felony murder for causing the victim's death "by shooting him with a shotgun . . . ." The evidence was sufficient to show that appellant's co-defendant was the party who actually shot the victim with a shotgun, whereas it showed that appellant, standing nearby, shot the victim with a handgun. As noted above, the evidence was also sufficient to support the appellant's conviction as a

party to the crime of shooting the victim with a shotgun and killing him. Nevertheless, appellant asserts he was entitled to a jury instruction on proximate causation, which was not given. Acknowledging that he did not request such an instruction or raise an objection on this ground to the jury instruction that was given, appellant argues the trial court committed plain error by failing to give an instruction on proximate cause. Appellant further acknowledges that to meet the burden of showing plain error, he must demonstrate that the instruction was erroneous, that it was obviously so, and that the error likely affected the outcome of the proceedings. See *Alvelo v. State*, 290 Ga. 609, 615 (5) (724 SE2d 377) (2012).

When considering whether error exists in the instructions to the jury, this Court considers the instructions as a whole. *Sapp v. State*, 290 Ga. 247, 251 (2) (719 SE2d 434) (2011). In this case, the trial court's instruction on murder, felony murder, and on the law of party to a crime

> was sufficient to inform the jury that, in order to convict, it had to determine [appellant] caused or was a party in the causing of [the victim's] death, and thus no error is shown by the trial court's failure to give a charge on proximate cause. See *Pennie v. State*, 292 Ga. 249, 252 (2) (736 SE2d 433) (2013).

*Flournoy v. State*, 294 Ga. 741, 746 (3) (755 SE2d 777) (2014) (in which the evidence showed it was appellant's co-defendant who was armed and fired

the gun, resulting in the robbery and kidnapping victim's shooting death).

See also *Williams v. State*, 298 Ga. 208, 218 (7) (779 SE2d 304) (2015). The

trial court read the indictment to the jury, which accused appellant of causing

the victim's death by shooting him with a shotgun. It properly instructed the

jury on the law of party to a crime and mere presence. The jury instruction

defined murder and felony murder, including the element that the accused

caused the death of another human being. With respect to the felony murder

charges, appellant's convictions were vacated by operation of law;

nevertheless, we note that the trial court properly instructed the jury

regarding the necessary relationship between the charged felonies and the

homicide. Despite the trial court's failure to give a separate instruction on

proximate causation, the charge to the jury in this case, when considered as a

whole, created no obvious error with respect to the element of causation in

the crimes for which appellant was convicted.

Judgment affirmed. All the Justices concur.

Decided April 16, 2018.

Murder. Fulton Superior Court. Before Judge Goger.

Debra K. Jefferson, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Arthur C. Walton, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General, for appellee.