303 Ga. 723
FINAL COPY

S18A0369. MANNING v. THE STATE.

BENHAM, Justice.

Appellant Marvin Charlton Manning was charged with malice murder, two counts of felony murder, and other offenses arising out of the shooting death of Jimmy Sims. The jury found Manning not guilty of malice murder but found him guilty of the remaining charges.[1] At trial, the victim's friend Demont Shorter testified that the victim accompanied him when he drove his

---

[1] The crimes occurred on October 11, 2012. On December 18, 2012, a DeKalb County grand jury returned an indictment charging appellant with malice murder, felony murder (aggravated assault by shooting the victim with a gun), felony murder (possession of a firearm by a convicted felon), aggravated assault with a deadly weapon, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Following a jury trial conducted between August 10, 2015 and August 14, 2015, the jury returned a verdict of not guilty on the malice murder count, and guilty on all other counts. Appellant was sentenced to life imprisonment without the possibility of parole for the guilty verdict on the first count of felony murder, and the guilty verdict on the remaining count of felony murder was vacated as a matter of law. The guilty verdict on the count of aggravated assault merged into the conviction for the first count of felony murder. The trial court also merged the guilty verdict on the count of possession of a firearm by a convicted felon into the felony murder conviction, but the State has not challenged this erroneous sentencing on appeal. See *Dixon v. State*, 302 Ga. 691, 696 (4) (808 SE2d 696) (2017). In addition, appellant was given a five-year sentence of imprisonment for the guilty verdict for possession of a firearm during the commission of a felony, to be served consecutive to the life sentence. Appellant filed a timely motion for new trial on September 10, 2015, which was later amended. Following a hearing, the trial court denied the motion for new trial. Appellant filed a timely notice of appeal and this case was docketed to the term beginning in December 2017. The case was submitted for decision on the briefs.

grandmother's car to a gas station. After parking the car near the gas station store, the two went into the store together. Shorter testified he heard the victim speaking on his cell phone inside in a normal voice and the victim did not appear to be angry or upset. Shorter saw the victim exit the store, return to the car, and sit in the front passenger seat with the door open. Shorter then observed a person he identified at trial as Manning standing next to the car and pointing a gun at the victim through the open car door. Another person standing near Manning was pointing a gun at the victim as well, as if he were covering for Manning. Shorter commenced exiting the store and heard the victim yell, "Damn, brother, you going to do me like that?"

Another witness who was at the gas station at the time of these events testified he saw a man standing next to the car in which the victim was sitting and heard that man say something to the effect of, "You think I'm mother f------ playing around about my money!" This witness also observed another person standing behind the man who made that statement. According to this witness, the man who made the statement pulled out a gun and immediately started firing it at the victim. He was standing up while shooting into the car, and the witness believed that this man fired the first shot. The victim shot back at the man and wounded him.

When Shorter exited the store he found Manning lying on the ground near the car. The victim was slumped out of the car, and Shorter pulled the victim out onto the ground. A police officer who happened to be in the neighborhood in his patrol car heard gunshots and drove immediately to the scene. He testified that a revolver containing five spent rounds was found on the ground next to Manning and $424 in cash was found on the ground near the vehicle. The interior panel from the front passenger side door apparently had been pulled away and was also lying on the ground. The other man who had been standing near Manning fled the scene. The victim died from multiple gunshot wounds after being transported to the hospital. A crime scene analyst testified for the defense that the shots fired from the victim's gun were fired in a downward angle, and that four of the five shots fired from Manning's gun were fired upward. He therefore concluded Manning was on the ground shooting up.

1.     Appellant raised justification as a defense, and he argues that based upon the testimony of the witnesses and other evidence, it cannot be determined who fired the first shot. Accordingly, appellant challenges the sufficiency of the evidence to support the convictions. On appeal, however, the evidence must be viewed in the light most favorable to supporting the

verdict, and this Court "defers to the jury's assessment of the weight and credibility of the evidence." *Mosby v. State*, 300 Ga. 450, 452 (1) (796 SE2d 277) (2017). The trial court instructed the jury on self-defense and justification. The jury was not required, however, to conclude appellant acted in self-defense where, as here, the State presented evidence to refute that defense. See *Blackmon v. State*, 302 Ga. 173, 174-175 (1) (b) (805 SE2d 899) (2017); *Pridgett v. State*, 290 Ga. 365, 366 (720 SE2d 639) (2012).

In this case, one witness heard appellant make threatening remarks to the victim just prior to seeing appellant pull a gun and commence shooting. Another witness heard the victim exclaim, before the shooting started, "[Y]ou going to do me like that?" From the testimony of both witnesses, a reasonable trier of fact could conclude another man appeared to be acting in concert with appellant to threaten the victim at gunpoint. Such evidence was sufficient to permit the jury to reject appellant's claim that he was acting in self-defense when he shot the victim, and thus was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Batten v. State*, 295 Ga. 442, 444 (1) (761 SE2d 70) (2014) (where two witnesses heard appellant's threats and eyewitnesses saw appellant shoot the victim). Accordingly, applying the standard set forth in

*Jackson v. Virginia*,[2] we reject appellant's challenge to the sufficiency of the evidence.

2.  Prior to trial, the State filed a written request for leave to introduce evidence of appellant's 2008 convictions for aggravated assault and terroristic threats involving a drive-by shooting at the home of a person who appellant believed had identified him to police as a suspect in a burglary, as well as a threat to kill another person who appellant also believed had turned him in to police for that offense. Appellant opposed the introduction of this evidence. At the hearing on this request, the State asserted that the evidence of the convictions for these prior criminal acts was admissible pursuant to OCGA § 24-4-404 (b) ("Rule 404 (b)")[3] in order to prove motive and intent with respect to the charged offenses, as well as to refute appellant's self-defense claim. The trial court granted the State's request on the ground that the evidence of the prior convictions was relevant to the issue of intent. At trial, a witness testified regarding the circumstances surrounding these prior acts, and a certified copy

---

[2] 443 U. S. 307 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[3] Rule 404 (b) provides in pertinent part:
> Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

of the appellant's convictions for these crimes was admitted into evidence. The trial court gave limiting instructions immediately before the witness testified about the prior crimes and again during the final charge to the jury. In both instances the court instructed the jury that it was permitted to consider the State's evidence of other acts allegedly committed by the accused for the limited purpose of determining the issue of the accused's intent with respect to the crimes for which he was being tried. Appellant asserts the trial court committed harmful error in admitting this Rule 404 (b) evidence in that the evidence of commission of these other bad acts was not relevant to establish intent in this case and was unduly prejudicial.

Since the enactment of the new Evidence Code, this Court has been called upon in a number of cases to examine the method by which lower courts are to determine the admissibility of evidence offered under Rule 404 (b) of other acts committed by the accused to prove intent. See, e.g., *Brown v. State*, 303 Ga. 158, 160 (2) (810 SE2d 145) (2018); *Jones v. State*, 301 Ga. 544 (802 SE2d 234) (2017); *Parks v. State*, 300 Ga. 303, 305-308 (2) (794 SE2d 623) (2016); *Olds v. State*, 299 Ga. 65, 69-76 (2) (786 SE2d 633) (2016). "A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." *State v. Jones*, 297 Ga. 156, 159 (1) (773

SE2d 170) (2015).  For other acts evidence to be admissible, the moving party must satisfy a three-pronged test by showing:  (1) that the evidence is relevant to an issue other than the defendant's character, (2) that the probative value is not substantially outweighed by undue prejudice, and (3) that there is sufficient proof from which the jury could find the defendant committed the other act. See *Booth v. State*, 301 Ga. 678, 682 (3) (804 SE2d 104) (2017).

The test for determining whether evidence is relevant to an issue other than a defendant's character, to satisfy the first prong of Rule 404 (b), is based on OCGA § 24-4-401 ("Rule 401").  Rule 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  To determine whether the second prong of Rule 404 (b) is satisfied, we look to OCGA § 24-4-403, which provides that even "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Appellant does not challenge the admission of his prior convictions based upon the third prong of

the Rule 404 (b) test. He does, however, challenge the admission of this evidence on the ground of relevance and prejudice.

Appellant argues that the prior conviction for aggravated assault fails to satisfy the test for relevance with respect to the element of intent required to prove the crime charged. He also asserts that the probative value of the other act evidence was substantially outweighed by undue prejudice. Having reviewed the evidence, however, we conclude that even if the trial court erred in these respects, it is unnecessary to reverse the convictions and remand for new trial. This is because, as in *Parks v. State*, supra, 300 Ga. at 307 (2), we find that even if the trial court erred in admitting the prior acts evidence, such error is harmless given the substantial evidence of appellant's guilt. A witness testified that immediately after making a threatening remark to the victim while standing outside the car in which the victim was sitting, appellant shot the victim. Two witnesses testified appellant appeared to be backed up by an accomplice who was also pointing a gun at the victim, and who fled after the shooting. One of the eyewitnesses testified he believed appellant shot first, and there was no evidence refuting that testimony.

3.    Appellant raised no objection to the trial court's instruction regarding the purpose for which it could consider evidence of other acts.

Nevertheless, on appeal he asserts that because the evidence of other acts was admitted solely for the purpose of proving intent, the trial court committed plain error by failing to give the limiting instruction that the jury could not rely upon evidence of other acts to prove appellant committed the acts charged in the indictment, and could rely upon that evidence only for the purpose of proving his state of mind. When reviewing a jury instruction for plain error that has not been affirmatively waived, the proper inquiry "is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings." (Citations and punctuation omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). Additionally, "[w]hen considering whether error exists in the instructions to the jury, this Court considers the instructions as a whole." *Jackson v. State*, 303 Ga. 487, 490 (2) (813 SE2d 372) (2018). Having reviewed the instructions as a whole, we conclude the trial court clearly instructed the jury that the other acts evidence presented in this case was to be considered only for the purpose of determining appellant's intent with respect to the crimes for which he was being tried, and for no other purpose. The jury instructions were not obviously erroneous. And as noted earlier, the evidence that appellant committed the acts of which he was convicted was substantial. Accordingly, the instructions as a

whole did not likely adversely affect the outcome of the proceedings. Because the requirements for showing plain error are not met, this claim of error has no merit.

4. In its charge to the jury, the trial court gave, in pertinent part, the following instructions on how to determine appellant's guilt or innocence:

> If, after considering the testimony and evidence presented to you, together with the charge of the court, you find and believe beyond a reasonable doubt that the defendant . . . did . . . commit the offenses alleged in these indictments, you would be authorized to find the defendant guilty.
> If you do not believe the defendant is guilty of any—the offense—any of the offenses alleged in the indictment, or you have a reasonable doubt as to the defendant's guilt, then it would be your duty to acquit the defendant, in which event the form of your verdict would be, we, the jury, find the defendant not guilty.

Because appellant raised no objection to this portion of the instructions at trial, only plain error review is available on appeal. See OCGA § 17-8-58 (b). Appellant argues that plain error is shown. According to appellant, because the trial court lumped all the charges against him together when instructing the jury on how to determine guilt or innocence, and did not instruct the jury to make a separate determination regarding guilt or innocence with respect to each of the counts against him, the instructions were confusing and harmful, and were erroneous as a matter of law.

This Court reviews jury charges as a whole to determine whether the jury was fully and fairly instructed on the law of the case. *Davis v. State*, 290 Ga. 757, 761 (5) (725 SE2d 280) (2012). In reviewing a jury charge for plain error, "the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings." (Citation and punctuation omitted.) Id. Here, the trial court read to the jury each charge listed in the indictment. It instructed the jury on the elements of each crime charged. The trial court explained the verdict form to the jury, noted that it contained six counts, and instructed the jury that as to each count the form provided a space for the jury to check either guilty or not guilty. Viewing the charges as a whole, we conclude the manner in which the trial court instructed the jury was not confusing with respect to whether the jury was to make a determination of guilt on each individual count of the indictment, and thus we find the instruction was not erroneous. This is further evidenced by the fact that the jury found appellant not guilty of malice murder as charged in Count 1 of the indictment but found him guilty on the remaining counts. Accordingly, appellant has also failed to establish that the alleged error in the jury instruction as a whole likely affected the outcome of the proceedings.

Judgment affirmed.  All the Justices concur.

Decided May 21, 2018.

Murder. DeKalb Superior Court. Before Judge Seeliger.

David D. Marshall, for appellant.

Sherry Boston, District Attorney, Anna G. Cross, Lenny I. Krick, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General, for appellee.