## S10A0776. SIGMAN v. THE STATE.
### (695 SE2d 232)

CARLEY, Presiding Justice.

A jury found Stacey Sigman not guilty of malice murder, but guilty of felony murder (three counts), cruelty to children, aggravated battery and aggravated assault. The trial court entered judgment of conviction and sentenced Sigman to life imprisonment for one of the felony murder counts. The other felony murder verdicts were vacated by operation of law, and the trial court merged the remaining counts into the felony murder conviction. Sigman appeals after the denial of a motion for new trial.*

1. Construed most strongly in support of the verdicts, the evidence shows that Sigman violently shook Nathan Williams, his two-month-old son. The shaking caused traumatic injury to the infant's brain and spinal cord, and resulted in the child's death. The evidence was sufficient for a rational trier of fact to find Sigman guilty beyond a reasonable doubt of the crime for which he was

---

* The crimes occurred on August 11, 2004, and the grand jury returned the indictment on October 21, 2004. The jury found Sigman guilty, and the trial court entered judgment, on August 25, 2006. Sigman filed a motion for new trial on September 22, 2006. An amended motion for new trial was filed on November 2, 2009, and was denied on November 16, 2009. The notice of appeal was filed on December 14, 2009. The case was docketed in this Court on January 26, 2010, and submitted for decision on the briefs.

convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sigman claims that his trial counsel was ineffective in failing to request jury charges on lesser included offenses of simple battery and reckless conduct for the cruelty to children, aggravated battery and aggravated assault counts of the indictment. Sigman argues that in the absence of such lesser included offense charges for those crimes, upon which the felony murder counts were predicated, the jury was precluded from considering involuntary manslaughter as a lesser included offense of the felony murder counts.

In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Sigman " 'must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. (Cit.)' [Cit.]" *Hill v. State*, 284 Ga. 521, 522 (2) (668 SE2d 673) (2008). " ' 'On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. (Cit.)' [Cit.]" *King v. State*, 282 Ga. 505, 506 (2) (651 SE2d 711) (2007). Moreover,

> "[d]ecisions on requests to charge involve trial tactics to which we must afford substantial latitude, and 'they provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.' . . . (Cit.)" [Cit.]

*Mitchell v. State*, 282 Ga. 416, 420 (6) (d) (651 SE2d 49) (2007).

Although Sigman's attorney did not request lesser included offense charges for the separate counts of cruelty to children, aggravated battery and aggravated assault, he did request that the jury be charged on involuntary manslaughter, predicated on reckless conduct or simple battery, as a lesser included offense of the malice murder and felony murder counts. The trial court gave the requested charges, instructing the jurors that if they had a reasonable doubt as to Sigman's guilt of any of the murder counts, they could consider whether he committed the lesser offense of involuntary manslaughter in either of two ways. The trial court explained to the jury:

> One [way] is a person commits involuntary manslaughter when that person causes the death of . . . another human being without any intention to do so by the commission of the offense of reckless conduct. In that connection, I charge you the offense of reckless conduct is defined as follows: A person who causes bodily harm to or endangers the bodily

safety of another person by consciously disregarding a substantial and unjustifiable risk that his act will cause harm or endanger the safety of the other person, and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. The other [way] is a person commits involuntary manslaughter when that person causes the death of another human being without any intention to do so by the commission of the offense of simple battery. In that connection, I charge you the offense of simple battery is defined as follows: The person commits the offense of simple battery when he intentionally causes physical harm to another.

In addition to the jury instructions, the verdict form, as to all the murder counts, included options for finding Sigman guilty of murder, guilty of the lesser included offense of involuntary manslaughter, or not guilty. Thus, given the charge and the verdict form, it is clear that, contrary to Sigman's argument, trial counsel ensured that the jury was allowed to consider involuntary manslaughter as a lesser included offense of the felony murder counts. Sigman "thus ha[s] not overcome the presumption that counsel acted reasonably. [Cit.]" *Mitchell v. State*, supra.

Furthermore, even if the lawyer's performance was deficient, Sigman cannot show prejudice. Since the jury found him guilty of the felony murder counts, rejecting the lesser included offense of involuntary manslaughter based on reckless conduct or simple battery, there is no reasonable probability that the outcome of the trial would have been different if counsel had also requested charges on reckless conduct and simple battery as lesser included offenses of the underlying felonies of cruelty to children, aggravated battery and aggravated assault. Because Sigman can show neither deficient performance nor prejudice, "[i]t follows that [his] claim of ineffective assistance of counsel was correctly rejected by the trial court." *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Gerard B. Kleinrock*, for appellant.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General, Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Deborah D. Wellborn, Assistant District Attorneys*, for appellee.