297 Ga. 248
FINAL COPY

S15A0463. BALLARD v. THE STATE.
S15A0464. SOUN v. THE STATE.

MELTON, Justice.

Following a joint jury trial, Chaz Ballard and Singlee Soun were found guilty of felony murder and several other offenses in connection with the shooting death of James Johnson.[1] In these consolidated appeals, Ballard asserts,

---

[1] On February 13, 2013, Ballard and Soun were each indicted for four counts of felony murder, three counts of aggravated assault, one count of possession of a firearm by a convicted felon, and four counts of possession of a firearm during the commission of a felony. Following a February 25-March 1, 2013, joint trial, the jury found Ballard guilty of two counts of felony murder (predicated on aggravated assault with a handgun and aggravated assault with intent to rob), two counts of aggravated assault (with a handgun and with intent to rob), possession of a firearm by a convicted felon, and two counts of possession of a firearm during a felony; and the jury found Soun guilty of three counts of felony murder (predicated on aggravated assault with a rifle, aggravated assault with intent to rob, and possession of a firearm by a convicted felon), two counts of aggravated assault (with a rifle and with intent to rob), possession of a firearm by a convicted felon, and two counts of possession of a firearm during a felony. The defendants were acquitted on the remaining charges. The trial court sentenced Ballard to life imprisonment without the possibility of parole for felony murder based on aggravated assault with a handgun, twenty consecutive years for aggravated assault with intent to rob, five consecutive years for possession of a firearm by a convicted felon, and five consecutive years for possession of a firearm during the commission of a felony. The remaining aggravated assault count was merged with the felony murder conviction for sentencing purposes, and the trial court vacated the remaining felony murder count for sentencing purposes. The trial court

among other things, that the evidence presented at trial was insufficient to support his verdict and that his trial counsel was ineffective (Case No. S15A40463). Soun contends, primarily, that the trial court erred in its jury instructions (Case No. S15A0464). For the reasons that follow, we affirm in both cases.

*Case No. S15A0463*

1. The evidence, viewed in the light most favorable to the jury's verdict, shows that, on the night of February 23, 2011, Soun and Ballard met Johnson in room 220 of an Econo Lodge hotel to sell Johnson fake methamphetamine. The day before this meeting, Johnson had pulled approximately $10,000 out of his

---

sentenced Soun to life without parole for felony murder based on aggravated assault with a rifle, twenty consecutive years for aggravated assault with intent to rob, five consecutive years for possession of a firearm by a convicted felon, and five consecutive years for possession of a firearm during a felony. The trial court merged the remaining aggravated assault count with the felony murder conviction for sentencing purposes, and vacated the remaining felony murder counts and the remaining possession of a firearm during the commission of a crime count. Soun filed a motion for new trial on April 12, 2013, which he amended on January 14, 2014 and January 23, 2014. Ballard filed his own motion on April 8, 2013, which he amended on January 17, 2014, February 28, 2014, and April 22, 2014. The trial court denied both motions on May 29, 2014. Soun's notice of appeal was filed on June 18, 2014 and Ballard's on June 13, 2014. Both cases were docketed to the January 2015 term of this Court and submitted for decision on the briefs.

front pocket to pay Ballard $2,000 to purchase marijuana. At the time of the Econo Lodge meeting, Soun had a rifle with him, and Ballard brought a pistol. When Johnson discovered that the methamphetamine that Soun and Ballard were going to sell to him was fake, Soun and Ballard shot Johnson several times with each of their guns, killing him.

The front desk clerk at the hotel received reports of shots being fired on the second floor of the hotel, and the clerk then observed, via surveillance camera, Soun and Ballard exit room 220 where they had shot Johnson. Soun exited holding a rifle in one hand, and Ballard exited while putting the pistol in his waistband. Ballard also tried to cover his face with his shirt to hide from the surveillance camera. The two then fled in Ballard's truck. After the shooting, only $2,438 was found in Johnson's duffle bag. The remaining sum of over $5,000 that ostensibly should have remained (based on the $10,000 that Johnson had displayed the day before and the $2,000 that he had previously paid to Ballard for marijuana) was never recovered. On the night of the shooting, Ballard admitted to a friend that he had gone to the hotel to "hit a lick," or commit a robbery. Investigators found shell casings in the room from the automatic rifle and the pistol used to kill Johnson. A water bottle was also found in room 220

with Soun's DNA on it.

The evidence presented at trial was sufficient to enable a rational trier of fact to find Ballard guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Ballard contends that the trial court erred by denying his motion to sever his trial from Soun's. However, the record reveals that Ballard never moved to have his trial severed from Soun's. Only Soun moved to have his trial severed from Ballard's, and Ballard never joined in this motion. Accordingly, Ballard "will not be heard to complain of the trial court's denial of a co-defendant's motion to sever" in which he did not join. Way v. State, 239 Ga. 316, 317 (2) (236 SE2d 655) (1977).

In any event, however, even if Ballard had joined in Soun's motion, the trial court's denial of the motion still would have been proper, as explained more fully in Division 8, infra.

3. Ballard argues that the trial court erred in its instructions to the jury. Specifically, he claims that the trial court improperly commented on the evidence through its instruction that a person is not justified in using force for self-defense

4

if that person is "fleeing after the commission or attempted commission of a felony of aggravated assault or criminal attempted sale of a non-controlled substance as a controlled substance"; and further erred by failing to give a complete charge on justification that included, among other things, the idea that Ballard had no duty to retreat. However, a review of the charge in its proper context shows that the trial court gave the jury a proper statement of the law advising them that if *they* found that Ballard was fleeing after committing a felony, justification would not be an available defense for Ballard. See OCGA § 16-3-21 (b) (2) (Self-defense is inapplicable where the accused is "attempting to commit, committing, or fleeing after the commission or attempted commission of a felony."). See also Woodard v. State, 296 Ga. 803, 810 (3) (b) (771 SE2d 362) (2015), overruling  Heard v. State, 261 Ga. 262 (403 SE2d 438) (1991). This was not a comment on the evidence, and the trial court was not implying in any way that an actual drug sale had taken place. Indeed, the trial court made clear that its instruction was only given in order to allow the jury to determine if self-defense was applicable in light of the specific facts and circumstances surrounding Johnson's shooting. Furthermore, the trial court's instruction thoroughly covered the law of justification and self-defense such that all of

5

Ballard's defenses could be properly considered, and any lack of additional specific instructions by the trial court on the duty to retreat were unnecessary. DeLeon v. State, 289 Ga. 782, 783-784 (4) (716 SE2d 173) (2011) (where jury "instructed on the law of justification and self-defense, any failure to instruct the jury on the lack of a duty to retreat does not require reversal") (citation omitted). There was no error.

4. Ballard's argument that the trial on his felon-in-possession-of-a-weapon charge should have been bifurcated from his felony murder charge is meritless. Here, Ballard's felon-in-possession charge was directly related to one of his felony murder charges, as it served as the predicate felony for that felony murder charge. A motion to bifurcate "should be denied where the count charging possession of a firearm by a convicted felon might serve as the underlying felony supporting a felony murder conviction." (Citations omitted.) Poole v. State, 291 Ga. 848, 850 (2) (734 SE2d 1) (2012).

5. Ballard argues that the State failed to provide him with the criminal history of its witnesses and Johnson in violation of Brady v. Maryland, 373 U. S. 83, 87 (83 SCt 1194, 10 LE2d 215) (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due

6

process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). However, there is no evidence that the State possessed any exculpatory evidence that it suppressed from Ballard. In this regard,

> [t]here is a distinction between suppression of exculpatory evidence and a failure to disclose such evidence. . . [and] "[w]e have indicated that the holding of the United States Supreme Court in Brady does not extend so far as to require the prosecution to turn over to the defense criminal records of state's witnesses. [Cit.]" Carter v. State, 252 Ga. 502, 506 (6) (315 SE2d 646) (1984). . . . The record contains no indication that [Ballard] was unable to ascertain the details of [Johnson's and the state's witnesses'] criminal histor[ies] . . . [and] Brady "'does not impose an affirmative obligation on the prosecution to seek out information for the defense, even if such information is more  accessible to the prosecution than to the defense.'" Sears v. State, 268 Ga. 759, 762 (3) (493 SE2d 180) (1997).

(Emphasis omitted.) Adams v. State, 271 Ga. 485, 487-488 (3) (521 SE2d 575) (1999). Ballard's contention therefore fails.

6. Finally, Ballard argues that his trial counsel was ineffective for: (a) failing to stipulate to Ballard's convicted felon status, (b) failing to obtain a court order regarding Ballard's convicted felon status, (c) failing to redact the indictment to exclude Ballard's previous charges, (d) failing to redact documents admitted into evidence that contained information on Ballard's previous first

7

offender status, (e) failing to seek a limiting instruction, (f) failing to introduce evidence of the victim's criminal background, (g) failing to request the criminal records of the State's witnesses, (h) failing to object to testimony based on photo and video evidence, and (i) failing to object to testimony establishing that the victim was unarmed.

> In order to succeed on his claim of ineffective assistance, [Ballard] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) Pretermitting the question whether trial counsel's decision not to stipulate to Ballard's prior convicted felon status amounted to deficient performance, Ballard cannot show prejudice. Indeed, while it is true that a trial court may abuse its discretion when it fails to allow a defendant to stipulate to his or her convicted felon status, such abuse of discretion only occurs where "(1)

8

a defendant's prior conviction is of the nature likely to inflame the passions of the jury and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon." Ross v. State, 279 Ga. 365, 368 (2) (614 SE2d 31) (2005). Here, Ballard's prior convictions for aggravated assault and burglary with the intent to commit aggravated assault were "not of the nature likely to inflame the passions of the jury." See Hill v. State, 290 Ga. 493, 498 (6) (722 SE2d 708) (2012) (a prior aggravated assault conviction used to establish a defendant's status as a convicted felon is "'not of the nature likely to "inflame the passions of the jury,"'" even where the crimes for which the defendant was being tried involved felony murder and aggravated assault). Furthermore, any error resulting from Ballard's failure to stipulate to his convicted felon status did not result in prejudice to him in light of the overwhelming evidence of his guilt. See id. at 498 (6).

(b) Ballard's argument regarding counsel's failure to obtain a stipulation regarding his convicted felon status fails for the same reasons as those set forth in Division 6 (a), supra.

(c) Trial counsel's failure to redact the indictment to eliminate references

9

to Ballard's prior convictions also could not amount to ineffective assistance, as "[p]roof of [Ballard's] previous conviction was a necessary element of the state's proof" that Ballard was a convicted felon in possession of a firearm. See Prather v. State, 247 Ga. 789, 790 (2) (279 SE2d 697) (1981). The trial court instructed the jury that the indictment was not evidence, and, as stated previously, trial counsel's failure to stipulate to Ballard's convicted felon status, which forced the State to have to prove Ballard's convicted felon status, did not amount to ineffective assistance in this case.

(d) Similarly, the fact that trial counsel did not redact an order that referenced Ballard's first offender status being revoked did not amount to ineffective assistance. Here, in order for the State to show that Ballard was a *convicted* felon, the State needed to present evidence that Ballard's first offender status had been revoked with respect to the counts of the former indictment to which he had pled guilty. See Davis v. State, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998) ("A first offender's guilty plea does not constitute a conviction."). Trial counsel's choice to force the State to meet its burden of showing that Ballard was a convicted felon did not amount to ineffective assistance under the facts of this case.

(e) Here, "the trial court gave instructions concerning the limited use of [Ballard's] prior felony conviction. Thus, trial counsel's failure to request a limiting instruction had no effect on the outcome of the trial." Lee v. State, 280 Ga. 521, 522 (2) (b) (630 SE2d 380) (2006).

(f) Even if we assume without deciding that Ballard's counsel performed deficiently by failing to obtain Johnson's criminal history, Ballard has failed to show prejudice. Ballard claims that his counsel could have discovered the existence of a prior incident of domestic violence in Alabama that would have shown Johnson's propensity for violence had she conducted an effective investigation. However, as an initial matter, it is not clear that any such specific incident of violence would have been admissible at Ballard's trial, as his case was tried after the enactment of Georgia's new Evidence Code. See OCGA §§ 24-4-404 and 24-4-405. Moreover, at the motion for new trial hearing, Ballard did not present any witnesses to authenticate the Alabama domestic violence police report. See Hill v. State, 272 Ga. 805, 807 (3) (537 SE2d 75) (2000) ("[H]earsay testimony [is] not competent to establish evidence of [the victim's] prior violent acts"). Accordingly, he cannot carry his burden of showing prejudice:

The failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because [Ballard] failed to make any proffer of the uncalled witnesses' testimony, it is impossible for [him] to show there is a reasonable probability the results of the [trial] proceedings would have been different. It cannot possibly be said that the additional witnesses would have testified favorably to [Ballard].

(Citations and punctuation omitted.) Goodwin v. Cruz-Padillo, 265 Ga. 614, 615 (458 SE2d 623) (1995). This claim of ineffective assistance therefore must fail.

(g) Ballard presented no evidence at the motion for new trial hearing of any criminal history of any of the State's witnesses. He therefore cannot show prejudice from his trial counsel's failure to obtain such information. Goodwin, supra.

(h) Trial counsel testified at the motion for new trial hearing that she did not object to testimony describing the video surveillance footage because she did not want to "draw extra attention to it." "Reasonable decisions as to whether to raise a specific objection are ordinarily matters of trial strategy and provide no ground for reversal." (Citation omitted.) Anderson v. State, 285 Ga. 496, 499 (3) (a) (678 SE2d 84) (2009). Trial counsel's strategic decision was reasonable here, especially in light of the fact that (1) other testimony placed Ballard at the crime

12

scene; (2) Ballard himself claimed that he was at the crime scene acting in self-defense; and (3) drawing extra attention to the video showing Ballard entering or leaving the hotel room where the crime took place could have drawn attention away from the theory that Ballard was only acting in self-defense while he was *inside* the hotel room.

(i) Ballard claims that his trial counsel was ineffective for failing to object on "character evidence" grounds to a witness' testimony that he had "[n]ever see[n] [the victim] with a gun" and had not "ever known him to have a gun." However, the testimony in question has nothing to do with the victim's character, as the physical observation of a person having or not having a gun says nothing about the character of a person who has or does not have that gun. Indeed, the testimony here only speaks to this particular witness' observations about whether he had ever seen the victim with a gun, and nothing more. Because an objection on character evidence grounds would have been misplaced, it cannot be said that trial counsel was ineffective for failing to make such an objection. Hayes v. State, 262 Ga. 881, 884 (3) (c) (426 SE2d 886) (1993) ("Failure to make a meritless objection cannot be evidence of ineffective assistance.").

*Case No. S15A0464*

13

7. The evidence outlined in Division 1, supra, was sufficient to enable a rational trier of fact to find Soun guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, supra.

8. Soun contends that the trial court erred in denying his motion to sever his trial from Ballard's. We disagree. A trial court has the discretion to grant or deny a severance in a joint trial. See Greene v. State, 274 Ga. 686 (2) (558 SE2d 707) (2002). In exercising this discretion, the trial court looks to three factors:

> (1) whether the number of defendants will confuse the jury as to the evidence and the law applicable to each defendant; (2) whether, despite cautionary instructions from the court, there is a danger that evidence admissible against one defendant will be improperly considered against another defendant; and (3) whether the defenses of the defendants are antagonistic to each other or to each other's rights of due process.

(Footnote omitted.) Id. at 687-688 (2). Furthermore, "[i]t is incumbent upon the defendant who seeks a severance to show clearly that he will be prejudiced by a joint trial, and in the absence of such a showing, the trial court's denial of a severance motion will not be disturbed." (Citations and punctuation omitted.) Rhodes v. State, 279 Ga. 587, 589 (3) (619 SE2d 659) (2005).

Here, Soun cannot show prejudice. Indeed, Soun was only tried with one co-defendant, and "[w]ith only two defendants there was virtually no likelihood

14

that the jury would confuse the evidence or the law, or that the evidence against one defendant would be considered against the other." Callendar v. State, 275 Ga. 115, 116 (2) (561 SE2d 113) (2002); see also Linares v. State, 266 Ga. 812, 815 (471 SE2d 208) (1996) (finding no issue of juror confusion when two co-defendants were tried together and presented antagonistic defenses). In this regard, the trial court gave a limiting instruction to the jury to make clear that, "[s]ometimes evidence is admitted for a limited purpose or against some parties and not others . . . [and that this] evidence may be considered by the jury for the sole issue or purpose against those parties to which the evidence is limited and not for any other purpose." The jury is presumed to have heeded this instruction. See Moss v. State, 275 Ga. 96 (9) (561 SE2d 382) (2002). The fact that Soun and Ballard had antagonistic defenses did not, by itself, warrant the grant of a separate trial for Soun. See Linares, supra, 266 Ga. at 815. We find no error.

9. For the same reasons stated in Division 4, supra, the trial court did not err in refusing to bifurcate Soun's felon-in-possession-of-a-weapon charge from his felony murder charge.

10. Soun argues for the first time on appeal that the trial court committed plain error by failing to give its own sua sponte charge to the jury that Soun was

justified in possessing a rifle because he reasonably believed that taking the rifle from Ballard was "the only way to prevent his [own] imminent death or . . . bodily injury." See OCGA § 16-3-26. However, the trial court gave Soun's specifically requested charge on justification that covered this particular defense that he presented at trial. Indeed, the trial court gave the following charge that Soun requested:

> If you find that [Soun] *grabbed the rifle . . . when and how he says he did*, and you find that the conduct was justified, this is a defense to prosecution for any crime based on that conduct, as long as you the jury find that the conduct stands upon the footing of reason and justice.

(Emphasis supplied.) Soun's defense was based on the idea that he was justified in taking the rifle from Ballard, not because Soun had anything to do with shooting Johnson, but because he needed it to possibly protect himself from Ballard after Ballard had shot Johnson. Accordingly, Soun's specific defense was covered by the very charge that he requested and that was given by the trial court, and any alleged error by the trial court from its failure to include language on this same defense beyond the language provided by Soun was induced by Soun himself. Under such circumstances, this alleged error cannot provide a basis for reversal, even under a plain error standard. See Shaw v. State, 292 Ga. 871, 873,

16

n. 3 (742 SE2d 707) (2013) ("[E]ven where plain error appears, reversal is not warranted if the error was invited by the appellant. Shank v. State, 290 Ga. 844, 845 (2) (725 SE2d 246) (2012).").

To the extent that Soun argues, like Ballard, that the trial court improperly commented on the evidence through its jury charge on justification, that argument fails for the same reasons stated in Division 3, supra.

Judgments affirmed. All the Justices concur.

Decided June 1, 2015.

Murder. Clayton Superior Court. Before Judge Benefield.

John W. Kraus, for appellant (case no. S15A0463).

Kevin A. Anderson, for appellant (case no. S15A0464).

Tracy-Graham Lawson, District Attorney, Elizabeth A. Baker, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General, for appellee.