297 Ga. 426
FINAL COPY

S15A0488.  MORRIS v. THE STATE.

HUNSTEIN, Justice.

Michael Thomas Morris, Jr., was convicted of malice murder and multiple other crimes in connection with the shooting death of Joshua Moore.  Morris appeals, alleging various errors in his trial and sentences.  Finding no error, we affirm.[1]

_____

[1] The crimes occurred on August 22, 2009.  On February 5, 2010, Morris was indicted by a Bartow County grand jury.  For the death of Moore, Morris was charged with malice murder as well as two counts of felony murder, one count predicated on aggravated assault against Moore and the other predicated on possession of a firearm by a convicted felon, based on a prior 2005 aggravated assault conviction (Counts 1, 2, and 3).  He was also charged with three counts of possession of a firearm during the commission of a crime (Counts 4, 8, and 11); aggravated battery based on shooting Dewayne Westbrooks and rendering members of his body useless (Count 5); aggravated battery based on shooting Westbrooks and causing significant disfigurement (Count 6); aggravated assault of Westbrooks by shooting him (Count 7); aggravated assault against Cheryl Newborn by pointing a handgun at her (Count 9); terroristic threats against Newborn (Count 10); and possession of a firearm by a convicted felon based upon a 2007 conviction for interference with government property (Count 12).  Morris was convicted by a jury on all counts on August 19, 2011. On October 11, 2011, the trial court sentenced Morris to life without parole for malice murder, plus the following consecutive terms totaling 60 years: five years on Count 4; 20 years on Count 5; five years on Count 8; 20 years on Count 9; five years on Count 11; and five years on Count 12.  The verdicts on the felony murder counts (Counts 2 and 3) were vacated by operation of law, and, for sentencing purposes, Counts 6 and 7 merged into Count 5 and Count 10 merged into Count 9.  Morris filed a timely motion for new trial and amended it once; the trial court denied the motion on July 31, 2013.  Morris filed a timely notice of appeal but, upon docketing in this

1. Viewed in the light most favorable to the verdicts, the evidence presented at trial showed that, on the day of the crimes, Morris and his girlfriend, Cheryl Newborn, argued about his excessive drinking, and she asked him to leave the apartment that they shared. Morris picked up a handgun and pointed it at Newborn, threatening to kill her if she left him. Newborn was able to defuse the situation, and Morris put the gun in his pocket and walked to the apartment of Deana Thomas, a neighbor. Morris told Thomas and her companion that he was upset because Newborn was leaving him. He pulled out his gun, placing it on a table, and said that he had threatened to kill Newborn. Eventually, Morris agreed to let Thomas put the gun in a drawer, and they walked outside.

At about that time, Dewayne Westbrooks, who lived at the same apartment complex, was returning home with his friend Joshua Moore and two other friends. As Moore was getting out of the car, Morris, who was not acquainted

Court, filed a motion to remand seeking an evidentiary hearing to assert a claim of ineffectiveness of trial counsel. This Court granted the motion and struck the appeal from the docket. Morris v. State, S14A0105 (Nov. 4, 2013). On remand, Morris, with new counsel, filed an amended motion for new trial on August 12, 2014. Following a hearing, the trial court denied the motion by order entered September 2, 2014. Morris again filed a timely notice of appeal, and the appeal was docketed in this Court to the January 2015 term and submitted for decision on the briefs.

with Moore or Westbrooks, began uttering profanities. Moore ran over to Morris and hit him, and a fight ensued. Westbrooks, who had been in the back seat of the car, exited the car and was eventually able to separate Moore and Morris. Moore, Westbrooks, and their companions began walking toward Westbrooks' apartment, but Morris ran back into Thomas' apartment, returned with his gun, and shot Westbrooks from close range, seriously injuring him.[2] Moore tackled Morris, who then shot Moore twice, killing him. Morris left the scene, went to a friend's house, and gave his friend the gun. The friend called the police, and Morris surrendered when officers arrived. The State also presented evidence of Morris' 2005 felony conviction for aggravated assault and his 2007 conviction for interference with government property.

(a) In two enumerations of error, Morris contends that the evidence is insufficient to support his conviction for terroristic threats. However, Morris was not sentenced for terroristic threats because the verdict on that count merged with the verdict for aggravated assault against Newborn. Therefore, this claim is moot. See Threatt v. State, 293 Ga. 549, 549, n. 2 (748 SE2d 400) (2013).

---

[2] Westbrooks' substantial internal injuries ultimately necessitated the removal of his spleen and one of his kidneys.

3

(b) Similarly, Morris' challenge to the sufficiency of the evidence with regard to Count 3, a felony murder count, is also moot. *Threatt* at 549, n. 2.

(c) Morris also contends that the evidence is insufficient to support the conviction for possession of a firearm by a convicted felon based on his 2007 felony conviction for interference with government property because the certified copy of the 2007 conviction was tendered and admitted into evidence during a bench conference and not properly presented to the jury. However, the record clearly shows that the certified copy was admitted into evidence and made a part of the record and that all the documentary evidence admitted during the trial was delivered to the jury at the beginning of its deliberations. Thus, this claim is without merit.

(d) Although Morris does not challenge the sufficiency of the evidence with regard to the remaining convictions, we conclude that, viewed in the light most favorable to the verdicts, the evidence presented at trial was sufficient to authorize a rational jury to find him guilty beyond a reasonable doubt of the crimes of which he was convicted and sentenced: malice murder, aggravated assault, aggravated battery, three counts of possession of a firearm during the commission of a crime, and one count of possession of a firearm by a convicted

4

felon. <u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Morris asserts that the trial court erred in refusing to allow trial counsel to stipulate to Morris' status as a convicted felon. The failure to allow such a stipulation may be an abuse of discretion where "(1) a defendant's prior conviction is of the nature likely to inflame the passions of the jury and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon." <u>Ross v. State</u>, 279 Ga. 365, 368 (2) (614 SE2d 31) (2005). Here, however, Morris' prior convictions for aggravated assault and interference with government property were not of a "nature likely to inflame the passions of the jury," even where Morris was also charged with aggravated assault. See <u>Ballard v. State</u>, 297 Ga. 248, 252 (6) (a) (773 SE2d 254) (2015) (in prosecution for felony murder and aggravated assault, prior conviction for aggravated assault not likely to inflame passions of the jury); <u>Hill v. State</u>, 290 Ga. 493 (6) (722 SE2d 708) (2012) (same). Additionally, the only evidence presented about the prior convictions were certified copies of the final dispositions, which included only the name of the crimes and the sentences received. Thus, we conclude that the

5

trial court did not abuse its discretion in refusing to accept the stipulation.

3. Finally, Morris argues that the trial court improperly imposed a recidivist sentence based on his prior convictions because those convictions had been "used up" in connection with the counts involving possession of a firearm by a convicted felon, citing King v. State, 169 Ga. App. 444 (313 SE2d 144) (1984). However, the King rule has "no application to crimes that do not have as an element the defendant's prior conviction of a felony." Hillman v. Johnson, 297 Ga. ___ (2) (a) (___ SE2d ___) (2015). Therefore, the only sentence possibly impacted by this rule is Morris' sentence on Count 12 for possession of a firearm by a convicted felon. However, the record makes clear that the trial court did not rely on Morris' prior convictions and OCGA § 17-10-7 (a), but rather exercised its discretion, in imposing all of the sentences. Compare Hillman, 297 Ga. at ___ (record showed a reasonable probability that trial court would not have imposed maximum sentence for felon-in-possession count but for counsel's deficient performance in failing to raise objection based on King). Therefore, this enumeration is without merit.

Judgment affirmed. All the Justices concur.

Decided June 29, 2015.

Murder. Bartow Superior Court. Before Judge Smith.

Steven A. Miller, for appellant.

Rosemary M. Greene, District Attorney, Sharon M. Fox, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General, for appellee.