306 Ga. 532
FINAL COPY

S19A0618.  MOORE v. THE STATE.

BENHAM, Justice.

Appellant David Frank Moore was convicted of felony murder and related offenses in connection with the shooting of Delray Crittenden, Nyriek Williams, and Aaron Byfield; Crittenden died as a result of the shooting.  On appeal, Appellant contends that insufficient evidence was presented to support the jury's verdicts, that the trial court erred in several respects, and that trial counsel rendered constitutionally ineffective assistance.[1]

---

[1] In October 2014, a DeKalb County grand jury indicted Appellant for malice murder, felony murder predicated on aggravated assault, felony murder predicated on possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, three counts of aggravated assault (Crittenden, Williams, and Byfield), and three counts of possession of a firearm during the commission of a felony (the aggravated assault of Crittenden, Williams, and Byfield).  Following a jury trial conducted December 14-23, 2015, Appellant was acquitted of malice murder, but found guilty on all remaining counts.  Appellant was ultimately sentenced to serve life in prison for felony murder predicated on aggravated assault, twenty consecutive years for the aggravated assaults of Williams and Byfield, five consecutive years for each of the three counts of possession of a firearm during the commission of a felony, and five consecutive years for possession of a firearm by a convicted felon.  The

Viewed in the light most favorable to the jury's verdicts, the evidence presented at trial showed the following. On the night of June 30, 2014, Crittenden, Williams, and Byfield were at a house party in DeKalb County. During the party, Crittenden and Williams went to purchase marijuana from Appellant. They returned to the party after the purchase. However, as the party ended in the early morning hours of July 1, Crittenden, Williams, and Byfield went to Appellant's house to purchase more marijuana.

Byfield drove, Williams sat in the front passenger seat, and Crittenden rode in the rear, driver's-side seat. Once they arrived at Appellant's house, Crittenden told Byfield to back into the driveway. Williams saw Crittenden pull out a pistol and place it in his lap as they backed in. Both Byfield and Williams observed Appellant approaching Crittenden's window, and Williams noted the two had

aggravated assault of Crittenden was merged into the felony murder conviction predicated thereon, and the felony murder conviction predicated on possession of a firearm was vacated by operation of law.

Appellant filed a timely motion for new trial on January 29, 2016, and amended it on April 13, 2018. Following a hearing, the trial court denied the motion as amended on October 10, 2018. A timely notice of appeal was filed on October 11, 2018; this case was docketed to the April 2019 term of this Court and was orally argued on April 16, 2019.

a heated discussion about Appellant giving Crittenden less marijuana than Crittenden paid for.

When Byfield heard a shot, he tried to pull away but was then shot in the back and blacked out. When he regained consciousness, he was alone in the car but the car had moved across the street. Williams was also shot and fell to the ground in the yard across the street. Williams lay on his back and saw Appellant come and stand over him. Appellant then wiped Williams' fingers on the cylinder of a revolver as Williams heard Appellant say into his phone "I just shot these n*****s." Appellant's neighbor observed a man holding a revolver while standing over a younger man who had been shot. The younger man, later determined to be Crittenden, was bleeding and leaning against the neighbor's car. Crittenden died of his wounds during surgery; Appellant was not wounded during the incident.

A .40-caliber semi-automatic pistol was recovered from the front seat of Byfield's vehicle and a .38-caliber revolver was recovered from near Appellant's driveway, along with five spent cartridge casings from the revolver. Testing showed that bullets

3

recovered from the street, Williams' body, and Crittenden's body were fired from that same .38-caliber revolver. No .40-caliber spent shell casings or projectiles were recovered at the scene. No marijuana was found either.

1. Appellant contends that the evidence presented was insufficient to support his convictions for felony murder and related offenses. However, we review the sufficiency of the evidence in the light most favorable to the jury's verdict and defer to the jury's assessment of the weight and credibility of the evidence. See *Jackson v. Virginia*, 443 U. S. 307 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). The evidence, as set forth above, was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the offenses for which he was convicted. See id.

2. Appellant also argues that the trial court erred in four ways. For the reasons that follow, we disagree.

(a) Appellant first argues that the trial court erred by refusing to bifurcate his trial on the charge of possession of a firearm by a convicted felon. However, Appellant's felon-in-possession charge

4

was directly related to one of his felony murder charges because it served as a predicate felony. Therefore, his motion to bifurcate was properly denied as the motion "should be denied where the count charging possession of a firearm by a convicted felon might serve as the underlying felony supporting a felony murder conviction." *Ballard v. State*, 297 Ga. 248, 251 (773 SE2d 254) (2015) (citation and punctuation omitted); see also *Brown v. State*, 295 Ga. 804 (3) (764 SE2d 376) (2014).

(b) Appellant then argues that the trial court erred by refusing to allow him to stipulate to his status as a convicted felon because admitting the certified conviction for possession of a firearm by a first offender probationer into evidence unfairly prejudiced him. The failure to allow such a stipulation may be an abuse of discretion where "'(1) a defendant's prior conviction is of the nature likely to inflame the jury's passions and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon.'" *Morris v. State*, 297 Ga. 426, 428 (774 SE2d 665) (2015) (Citation omitted.).

5

However, neither Appellant's conviction for possession of a firearm by a first offender probationer nor the various other minor offenses included in the certified copy of the final disposition of that offense were likely to inflame the jury's passions in this case.[2] See id. (prior convictions for aggravated assault and interference with government property were not of the nature likely to inflame the passions of the jury during trial for murder and aggravated assault). Accordingly, the trial court did not abuse its discretion by preventing Appellant from stipulating to his conviction for possession of a firearm by a convicted felon. See id.

(c) Appellant also contends, relying on *McKenzie v. State*, 293 Ga. App. 350 (2) (667 SE2d 142) (2008), that the trial court erred because it instructed the jury to consider the "intelligence" of witnesses. Appellant did not object at trial, so the matter is before this Court only for plain error review. See *Sanders v. State*, 290 Ga.

---

[2] The certified copy of Moore's final disposition showed that Moore was convicted of violating the Georgia Controlled Substances Act by the possession of less than one ounce of marijuana, fleeing or attempting to elude a police officer, reckless driving, driving without a license, driving with no proof of insurance, and improper tag.

637, 640 (2) (723 SE2d 436) (2012). In *McKenzie*, although the Court of Appeals suggested that considering intelligence as a factor in determining witness credibility "can be problematic," that court concluded that the charge was not so "harmful as to require a reversal." *McKenzie*, 293 Ga. App. at 352 (2). Since *McKenzie*, this Court has noted the same concern but determined such a charge not to be reversible or plain error. See *Ingram v. State*, 297 Ga. 854, 857 (778 SE2d 781) (2015); *Gamble v. State*, 291 Ga. 581, 583 (731 SE2d 758) (2012). Therefore, Appellant has failed to show plain error.

(d) Appellant argues that the trial court erred when it refused to instruct the jury on his sole defense of justification because there was evidence that Crittenden may have attempted to rob Appellant. To support his claim, Appellant cites witness statements that Crittenden told Byfield to back into the driveway and that Williams testified that he saw Crittenden pull out a pistol as they arrived at Appellant's house. However, in *Woodard v. State*, 296 Ga. 803 (3) (b) (771 SE2d 362) (2015), this Court held that the crime of possession of a firearm by a convicted felon can preclude a

justification defense under OCGA § 16-3-21. Id. Although a felon may be able to possess a firearm in the case of a sudden emergency for the purpose of defending himself, see *Cauley v. State*, 260 Ga. 324 (2) (c) (393 SE2d 246) (1990), no evidence of a sudden emergency has been presented here. There was no evidence presented that Crittenden attempted to rob Appellant or that the gun was visible to Appellant. See *Hunter v. State*, 281 Ga. 693 (2) (642 SE2d 668) (2007) (holding that an instruction on self-defense was not necessary even though there was evidence there was a gun under the victim's leg when he was shot because "there [was] no evidence of any threat so as to give rise to a reasonable belief" that the defendant had to shoot the victim to avoid death or great bodily injury to himself).

3. Lastly, Appellant makes four claims that his trial counsel was constitutionally ineffective. We disagree.

To succeed on these ineffective assistance of counsel claims, a defendant must satisfy both prongs of the *Strickland v. Washington* test. *Strickland v. Washington*, 466 U. S. 668 (III) (104 SCt 2052, 80 LE2d 674) (1984). First, the defendant must show counsel's

8

performance was deficient by showing counsel made errors so serious that it was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. See id. "The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct." *Domingues v. State*, 277 Ga. 373 (2) (589 SE2d 102) (2003). Second, the defendant must show the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious that they likely affected the outcome of the trial. See id.

Since a defendant must satisfy both prongs, this Court does not need to "approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U. S. at 697. The trial court's factual findings and credibility determinations are reviewed under a clearly erroneous standard, but this Court will independently apply the legal principles to the facts. *Suggs v. State*, 272 Ga. 85 (4) (526 SE2d 347) (2000).

(a) Appellant first claims that trial counsel was constitutionally deficient because counsel failed to honor Appellant's right to be present at the acceptance of the jury. Specifically, the jury in this case was accepted during a bench conference while Appellant was in the courtroom. "Proceedings at which the jury composition is selected or changed are a critical stage at which the defendant is entitled to be present." *Sammons v. State*, 279 Ga. 386, 387 (612 SE2d 785) (2005). Even assuming that trial counsel performed deficiently by allowing Appellant to be absent at the time the jury was accepted, the evidence against Appellant was strong, and he has made no showing that his absence from the bench conference prejudiced him in any way. See *Peterson v. State*, 284 Ga. 275, 280 (663 SE2d 164) (2008); see also *Bridges v. State*, 286 Ga. 535 (3) (690 SE2d 136) (2010).

(b) Appellant next contends that trial counsel was deficient because he failed to request a limiting instruction after the trial court denied his motion to bifurcate the trial or redact Appellant's felony conviction for possession of a firearm. Contrary to Appellant's

claims, the record shows that trial counsel assisted in crafting the limiting instruction that was read to the jury, which stated the prior conviction could only be considered as it "relate[d] to the required element of conviction of a felony for [possession of a firearm by a convicted felon] and not for any other purpose." Therefore, Appellant has failed to show trial counsel's performance was constitutionally deficient.

(c) Appellant also argues that trial counsel was constitutionally deficient because trial counsel failed to present any evidence in support of a defense for Appellant after advising Appellant not to testify. Appellant asserts that trial counsel failed to properly investigate the case and that counsel misunderstood the law that would have warranted Appellant a justification defense even though he was a convicted felon in possession of a firearm.

However, Appellant rests on *Heard v. State*, 261 Ga. 262 (403 SE2d 438) (1991), which this Court overruled in *Woodard*, 296 Ga. at 803 (3) (b), months before Appellant's trial. As noted above, in *Woodard*, this Court held that the crime of possession of a firearm

by a convicted felon can preclude a justification defense under OCGA § 16-3-21. Id. Therefore, trial counsel was not ineffective for failing to request an instruction on justification.

Appellant also contends counsel erroneously withdrew a request for a jury instruction on the lesser charge of voluntary manslaughter. This argument also fails. A heated argument over money for drugs is not a serious provocation that warrants a voluntary manslaughter instruction. See *Johnson v. State*, 297 Ga. 839, 844 (2) (778 SE2d 769) (2015). Therefore, this contention is without merit.

(d) Finally, Appellant argues that trial counsel was ineffective because he did not adhere to the Georgia Rules of Professional Conduct for attorneys. Appellant claims trial counsel violated the rules because he told the jury it was a self-defense case in his opening argument and then presented no evidence of self-defense due to what Appellant contends was an erroneous interpretation of the law. Even assuming that trial counsel breached his ethical obligations, "[a]n ethics violation . . . does not necessarily establish

12

a claim of ineffectiveness of counsel." *Blackshear v. State*, 274 Ga. 842, 843 (560 SE2d 688) (2002). While "compliance with the Rules of Professional Conduct should always be maintained, attorney discipline for a violation of those Rules is not before us, but only the issue whether [Appellant] has established ineffective assistance of trial counsel. . . ." *Green v. State*, 299 Ga. 337, 342 (788 SE2d 380) (2016). As such, Appellant has failed to show trial counsel's performance was constitutionally ineffective for failing to adhere to the Rules of Professional Conduct.

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 19, 2019.
Murder. DeKalb Superior Court. Before Judge Barrie.
*Dwight L. Thomas*, for appellant.

*Sherry Boston, District Attorney, Lenny I. Krick, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General*, for appellee.