NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 9, 2022

S22A0709. RUFF v. THE STATE.

COLVIN, Justice.

Appellant Tahj Ruff was convicted of felony murder and related offenses in connection with the shooting death of Lynwood Williams.[1] On appeal, Ruff raises three claims of error. For the

---

[1] A Sumter County grand jury initially charged Ruff and Winfred Floyd in August 2018 on a 10-count indictment for crimes associated with the shooting death of Lynwood Williams. On May 28, 2019, Ruff and Floyd were re-indicted on a 5-count indictment for felony murder predicated on aggravated assault (Count 1 – Ruff), aggravated assault (Count 2 – Ruff), possession of methamphetamine (Count 3 – Ruff), aggravated assault (Count 4 – Floyd), and felony murder predicated on aggravated assault (Count 5 – Ruff and Floyd). A joint jury trial was held on February 3 through 7, 2020. On the first day of trial, the court, at the State's request, entered an order of nolle prosequi on Count 3. Thereafter, the jury found Ruff and Floyd guilty of all remaining counts. Ruff was sentenced to two concurrent life-without-parole sentences for felony murder (Counts 1 and 5), and 20 years concurrent for the aggravated assault. Floyd's case is not part of this appeal.

Ruff timely filed a motion for new trial, which was amended through new counsel on November 18, 2020. After briefing by both parties, the trial court summarily denied the motion as amended on January 7, 2022. Ruff timely filed a notice of appeal; the appeal was docketed to the April 2022 term of this Court and was submitted for a decision on the briefs.

reasons set forth below, we affirm Ruff's convictions; however, because the trial court erred in sentencing, we vacate Ruff's sentences and remand the case to the trial court with direction that Ruff be re-sentenced.

By way of background, the record shows that, on February 17, 2018, Ruff and Floyd armed themselves with guns and drove to the home of Jamie Wilborn, the mother of Floyd's children. Ruff was aware of some issues between Floyd and Wilborn concerning their children. When the men arrived at the house, Ruff stayed by the car while Floyd confronted Wilborn's boyfriend, Lynwood Williams. Floyd and Williams got into a verbal altercation, during which Floyd took out his gun and pointed it at Williams's head. Williams struck Floyd, took the gun, and walked away. Ruff then shot at Williams and a bullet struck him in the back. Williams spun around, fired the gun he had taken from Floyd, and fell to the ground. Floyd was injured in the crossfire. It was later determined that Williams died from a single gunshot wound to the back.

Ruff fled the scene on foot and was arrested two days later. He

2

admitted to a friend and to the police that he had shot Williams, but he claimed he did so in self-defense.

1. Ruff argues that the trial court erred in denying his motion to sever his trial from that of his co-defendant, Floyd. "[A] trial court has the discretion to grant or deny a severance in a joint trial." *Ballard v. State*, 297 Ga. 248, 255 (8) (773 SE2d 254) (2015). See OCGA § 17-8-4 (a). "In ruling on a motion to sever, a trial court should consider: (1) the likelihood of confusion of the evidence and law; (2) the possibility that evidence against one defendant may be considered against the other defendant; and (3) the presence or absence of antagonistic defenses." *Draughn v. State*, 311 Ga. 378, 386 (5) (858 SE2d 8) (2021) (citation and punctuation omitted). "It is incumbent upon the defendant who seeks a severance to show clearly that he will be prejudiced by a joint trial, and in the absence of such a showing, the trial court's denial of a severance motion will not be disturbed." *McClendon v. State*, 299 Ga. 611, 615 (3) (791 SE2d 69) (2016) (citation and punctuation omitted). "We review a trial court's decision to grant or deny a severance motion for an

abuse of discretion." *Smith v. State*, 308 Ga. 81, 85 (2) (839 SE2d 630) (2020).

Ruff has failed to make the required showing of prejudice. First, Ruff and his co-defendant "were charged with the same offenses stemming from the same incident with largely the same evidence; the jury was instructed to determine guilt or innocence of each defendant separately; [and] the jury returned a separate verdict for each defendant." *Draughn*, 311 Ga. at 387. Second, it is unlikely that the evidence admitted against Floyd was improperly considered against Ruff, especially because Ruff admitted that he shot at Williams, although he claimed he did so in self-defense. See *McClendon*, 299 Ga. at 615 (explaining that it was unlikely that the evidence admitted against McClendon's co-defendants was improperly considered against him where the evidence of his participation in the crimes was overwhelming). Finally, Ruff's theory of self-defense was not antagonistic to Floyd's defense of mutual combat because a jury finding that Floyd engaged in mutual combat with Williams would not have precluded the jury from

4

finding that Ruff acted in self-defense after Williams took Floyd's gun. Based on the foregoing, the trial court did not abuse its discretion in denying Ruff's motion to sever.

2. Ruff alleges that the trial court erred by providing a verdict form to the jury that did not include the lesser offenses of voluntary manslaughter and reckless conduct. Prior to trial, all parties reviewed and agreed upon a verdict form. During the charge conference, defense counsel requested instructions on the lesser offenses of voluntary manslaughter and reckless conduct. The trial court agreed and instructed the jury on those offenses and further instructed the jury on felony murder, aggravated assault, the presumption of innocence, and reasonable doubt. As to the verdict form, the trial court charged the jury as follows:

> You're gonna have two verdict forms, one for each defendant. The verdict forms are broken down into independent counts, which are alleged in the indictment that are each independent from one another and each count is independent so each verdict form is independent, you don't have to be consistent in the two verdict forms. Each one is independent and each count is independent and each count must be unanimous. If you do not believe beyond a reasonable doubt that the defendant is guilty of

5

the offense of felony murder or aggravated assault, but you do believe beyond a reasonable doubt that the defendant is guilty of voluntary manslaughter or reckless conduct, then you would be authorized to find the defendant guilty of voluntary manslaughter or reckless conduct, in which event, the form of your verdict would be, "We, the jury, find the defendant guilty of" blank, if that's what you wanted to put in there, that is entirely for you, the jury, to determine.

Ruff did not object to the charge as given, but he did object to the verdict form, asking that voluntary manslaughter and reckless conduct be added to the form. The trial court denied the request and overruled the defendants' objections to the verdict form, stating, "We're not gonna mess with the verdict form. If you have a verdict form you wish to submit, you may submit it, now. That has been the verdict form agreed to prior to trial." Ruff did not submit an alternative form at his point, and the original verdict form was then sent back to the jury. After the jury informed the court that it had reached a verdict, but before the verdict was announced, Ruff asked if the court "would consider the lesser offenses in an addendum to the jury verdict form" and proffered a form to the court. The trial court declined to use the proffered form, noting that the jury had

6

already reached a verdict.

Ruff alleges that the trial court erred by not including the lesser offenses on the verdict form and by failing to fully instruct the jury on how a verdict on those lesser offenses could be included on the form. We disagree. "In deciding whether a verdict form accurately presented the law and properly guided the jury, this Court reviews the language of the form along with the trial court's instructions to the jury." *Atkins v. State*, 310 Ga. 246, 252 (3) (850 SE2d 103) (2020).

> In a criminal case, a verdict form is erroneous when the form would mislead jurors of reasonable understanding, or the trial court erroneously instructed the jury on the presumption of innocence, the State's burden of proof, the possible verdicts that could be returned, or how the verdict should be entered on the printed form.

*Rowland v. State*, 306 Ga. 59, 68 (6) (829 SE2d 81) (2019) (citation and punctuation omitted). "[I]t is not error to fail to expressly include lesser offenses on a verdict form, provided the court appropriately instructs the jury on the lesser offenses and how to fill in the verdict form." *Atkins*, 310 Ga. at 252-253. See *Jones v. State*,

303 Ga. 496, 504 (V) (813 SE2d 360) (2018) ("There is no error in providing a verdict form that requires the jury to write its verdict on each count by hand, as long as the form is accompanied by appropriate instructions related to the charges and how the verdict should be entered on the form.").

Here, the trial court properly instructed the jury on the charged offenses, the lesser offenses, and the State's burden of proof. The court then thoroughly explained to the jury how to enter a verdict on the lesser offenses if it chose to do so by writing "voluntary manslaughter" or "reckless conduct" on the blank line provided on the form. "Viewed in conjunction with the jury instructions as a whole, the verdict form used in this case would not mislead jurors of reasonable understanding, and there is no indication in the record that the jurors had any difficulty completing the verdict form according to the court's instructions." *Jones*, 303 Ga. at 504. Therefore, the trial court did not err by providing a verdict form to the jury that did not include the lesser offenses of voluntary manslaughter and reckless conduct.

3. Ruff alleges, and the State concedes, that the trial court erred in sentencing Ruff on both of his felony murder convictions and the underlying aggravated assault of Williams. We agree. "The trial court erroneously sentenced [Ruff] on two felony murder verdicts involving the same victim; one of those verdicts was vacated by operation of law." *McCoy v. State*, 303 Ga. 141, 144 (3) (810 SE2d 487) (2018). Moreover, because Ruff was "found guilty only of felony murder, the underlying felony would certainly be deemed to have merged, as a matter of law, into the felony murder and a separate sentence for that underlying felony would not be authorized." *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). Finally, because the decision as to which of the felony murder verdicts should be deemed vacated may affect which other verdicts merge and what sentences may be imposed, see *Vivian v. State*, 312 Ga. 268, 276 (3) (862 SE2d 138) (2021), we leave that decision to the discretion of the trial court on remand. Consequently, we vacate Ruff's sentences for felony murder and aggravated assault and remand the case to the trial court for resentencing in accordance

with this opinion.

*Judgment affirmed in part and vacated in part, and case remanded with direction.  All the Justices concur.*